[No. 2,547.]

ANDREW B. McCREERY AND JOHN SULLIVAN v. JOHN EVERDING, J. H. KNOWLES, G. B. KNOWLES, MARTENSTEIN & WALRATH, FANNY S. LEON, J. S. FRIEDMAN, WILLIAM M. DOWLING, C. L. PLACE, C. P. DUANE, AND SIXTY-FIVE OTHERS.

STIPULATION AS TO STATEMENT.—After a proposed statement on motion for a new trial has been made, and amendments have been proposed and allowed by the Court, a stipulation of counsel, that the engrossed statement may be made by writing in the proposed statement the amendments, and when so engrossed, the same shall be the statement, and that the exhibits and documents referred to in the statement may be used on the argument, without being copied into the statement, but shall be inserted in the transcript on appeal, and a stipulation added to the engrossed statement, that it is the engrossed statement, as settled by the Judge, and engrossed according to the former stipulation, are equivalent to the certificate, as provided in the statute.

EXCEPTIONS TO CHARGE TO JURY.—An exception taken by counsel to instructions given by the Court to the jury need not state the points of the exception. It is sufficient to say generally in the statement that counsel excepted to each and all of the instructions.

SPECIFICATION OF ERRORS IN STATEMENT.—It is sufficient in the specification made in the statement on motion for a new trial, of reasons why a new trial should be granted, to assign errors in law occuring by " giving of each of the instructions asked by the defendants." Such specification sufficiently points out the particular errors in the instructions relied on.

CONTRADICTORY INSTRUCTIONS TO A JURY.—When instructions to the jury upon a material point in issue are contradictory and inconsistent, it is impossible to know by which instruction the jury was influenced, and a new trial will be granted.

POSSESSION OF LAND.—Actual possession of land may be had without fences or inclosure.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The defendants, whose names are given, appealed from the order granting a new trial.

The other facts are stated in the opinion.

*William P. Daingerfield* and *Porter & Holladay*, for Appellants.

The instruction given at defendant's request was correct. (*Wolf* v. *Baldwin*, 19 Cal. 306; *Polack* v. *McGrath*, 32 Cal. 17 et seq.; *Coryell* v. *Cain*, 16 Cal. 567; *Raccoullet* v. *Rene*, 32 Cal. 456.)

*Wilson & Crittenden* and *W. H. L. Barnes*, for Respondents.

To constitute actual possession, it is not necessary that there should be any fence or inclosure of the land. If authority were necessary for so plain a proposition, it will be found in the case of *Moss* v. *Scott*, 2 Dana, Kent R. 275, where the Court say that it is well settled that there may be a possession in fact, of land not actually inclosed. (*Ellicott* v. *Pearl*, 10 Peters, 442; *Ewing* v. *Burnett*, 11 Peters, 41–49; *Hicks* v. *Coleman*, 25 Cal. 132; *City* v. *Beideman*, and cases cited, 17 id. 463; *Burr* v. *Gratz*, 4 Wheat. 222.)

*Nathaniel Bennett*, for Appellants, in reply.

By the Court, Belcher, J.:

This is an action to recover possession of a tract of land situated in the Western Addition of the City of San Francisco, and lying partly within and partly without the line of the Van Ness Ordinance. The case was tried by a jury, and the verdict and judgment were for the defendants. The plaintiffs moved for a new trial, upon the ground that the facts did not justify the verdict, and that errors in law occurred at the trial, which were excepted to by them at the time. A new trial was granted "on the ground of errors in law occurring at the trial, and excepted to by the plaintiffs." What were the particular errors supposed by the learned Judge who made the order to have been committed, the record does not disclose to us. A portion only of the

defendants have joined in this appeal from the order granting a new trial.

The first point presented by the appellants is, that the statement on motion for new trial is not authenticated as required by law, and must, therefore, be disregarded.

It appears from the brief of the appellants that the statement was made up in this wise: The plaintiffs prepared, filed, and served their proposed statement on motion for a new trial; the defendants prepared and served certain amendments; the proposed statement and proposed amendments were submitted to the Judge who tried the case, who allowed certain of the proposed amendments, and rejected others. The respective counsel then signed the following stipulation in the cause: "It is stipulated and agreed that the engrossed statement on motion for a new trial in this case, may be made by writing into the proposed statement the amendment allowed by the Court in red ink, and, when so engrossed, the same shall be the statement on motion for a new trial herein; and that the exhibits and documents referred to in the statement may be used in the District Court without being copied into the statement, but shall be inserted in the transcript on any appeal to the Supreme Court."

Such of the proposed amendments as were allowed by the Judge were inserted in red ink in the proposed statement, to save recopying.

Prior to the hearing of the motion, the respective counsel added to the statement thus engrossed, a stipulation in these words: "The within and foregoing is the engrossed statement on motion for a new trial, as settled by the Judge and engrossed according to the stipulation of the counsel for the respective parties."

Taken together, these stipulations are, in all respects, we think, the equivalent of the certificate provided for in the statute. That they were intended to be so, is manifest, and

no suggestion appears to have been made in the Court below that that intention had not been fully realized.

It is also claimed that the exceptions taken to the instructions given to the jury should be disregarded, because the points of the exceptions are not particularly stated. The Court gave the jury certain instructions at the request of the plaintiffs, and certain others at the request of the defendants, and then read an elaborate charge prepared by the Court. At the conclusion of the instructions asked by the defendants, the statement in the record is: "To each of which said instructions the plaintiffs then and there duly excepted." At the conclusion of the charge the statement is: "To each and every portion of which charge the plaintiffs then and there duly excepted. The specifications whereof are hereinafter stated."

The statute requires no particular form of exception. It is sufficient if it points out clearly the error complained of. If the exception be to an instruction given by the Court, it is quite unnecessary that the record should show an objection by counsel with the reasons for such objection, and then an order of the Court overruling the objection, followed by the words: "We except," etc. No such formal mode of procedure is generally observed at *nisi prius,* and we see no good to arise from its adoption.

In *Bowman* v. *Cudworth,* 31 Cal. 150, the record stated: "to which charges and each part thereof the plaintiff duly excepted;" and this was held to be sufficient, on the ground that counsel, having agreed to the statement, agreed that the plaintiff "duly excepted," and there was no necessity for stating the specific mode in which the exceptions were taken. That case is authority upon the point in hand, and we are satisfied with the rule there laid down.

It is also said that the statement should be disregarded

because it contains no sufficient specifications of the particular errors relied on.

With the views we now entertain of the case it will only be necessary to consider the specifications so far as they relate to the instructions given at the request of the defendants. They are as follows:

"The plaintiffs on this motion for a new trial designate as the grounds of the motion on which they rely the following: . * * *

"Fourth—Errors in law occurring at the trial and excepted to by the plaintiffs and on which the plaintiffs will rely on motion for new trial as follows, to wit: * * *

"2. The giving of each of the instructions requested by the defendants."

This specification we consider sufficient. It points to each of the propositions or instructions given for the defendants, and designates it as a particular error on which the party will rely.

The Court instructed the jury at the request of the plaintiffs, among other matters: "That such dominion or control may be had by living upon the land, cultivating parts of it, putting up a building, erecting fences, cutting wood, using the same for pasturage, a dairy or chicken farm, or any other appropriate use. Neither complete inclosures, nor any inclosures at all, are essential to a possession of land. If the claimants, although they had no fences, yet exercised dominion and control over the land and subjected it to their power, the matter of fences becomes immaterial and unimportant."

And again: "That fences and inclosures are not essential to possession under the (so-called) Van Ness Ordinance; actual possession may exist without or with fences. That is actual possession which gives dominion and control over the land and subjects it to the actual uses of the party or his tenant."

At the request of defendants the Court instructed the jury among other matters: " That if from the evidence the jurors are not satisfied that the demanded premises (or some part thereof) were inclosed by a substantial fence, such as a prudent farmer would make to protect his crops, either by the plaintiffs or those under whom they claim, before the entry of the defendants respectively, 'or those under whom they respectively claim, then, and in such case, the plaintiffs cannot recover, and the jury will find for the defendants."

These instructions were upon a material point, and are manifestly contradictory and inconsistent. Whether the plaintiffs or their grantors had had the prior possession of the demanded premises, and whether they had abandoned that possession before the entry of the defendants, were the principal questions submitted to the jury. Upon these questions a large amount of testimony was taken, much of which was conflicting. The plaintiffs did not rely wholly or chiefly upon a fence as evidence of their possession, but upon other acts which, as they claimed, fully established their dominion and control over the premises.

We are not called upon to express any opinion in reference to the testimony further than to say that there was enough submitted by the plaintiffs to go to the jury upon; and the Court did not err in refusing a nonsuit. When the testimony was concluded, it was the duty of the Court to state the law fully and clearly to the jury, without conflict or contradiction. That this is so is clear, for otherwise the jury would never know the law of the case, or be able to apply it to the facts as they might find them.

In *Brown* v. *McAllister*, 39 Cal. 577, the Court, speaking of inconsistent instructions, said: " The two propositions are wholly repugnant, and cannot stand together; and for this reason, if there were no other error in the record, the judgment must be reversed. Where the instructions on a material point are contradictory, it is impossible for the jury to

decide which should prevail, and it is equally impossible, after the verdict, to know that the jury was not influenced by that instruction, which was erroneous, as the one or the other must necessarily be, where the two are repugnant."

The instructions seem to have been full upon all the points made in the case; but we are unable to see that the error arising from this repugnancy was in any way cured by the other portions of the instructions given at the request of counsel, or by the charge prepared by the Court.

Moreover, we are of the opinion that the instruction quoted, as given at the request of the defendants, is not sound as a legal proposition, whether it be considered abstractly or as applied to the facts before the jury. It is well settled that actual possession of land may be had without fences or inclosure.

There are other portions of the instructions quite obnoxious to criticism; but we do not find it necessary to enter upon their discussion.

We cannot consider the suggestion of counsel, that the trial was long and expensive, and that there is no probability of a different result in case a new trial should be had. The plaintiffs are entitled to a fair trial, without material error committed against them, and until they have that they have a right to complain.

Order affirmed.