[No. 9685. Department One. — August 18, 1885.]

W. C. SHELDON, APPELLANT, *v.* A. MULL, RESPONDENT.

EJECTMENT — PROOF OF OUSTER — POSSESSION. — In an action of ejectment, an ouster by the defendant may be established without evidence that the land in dispute was enclosed so as to deprive the plaintiff of the possession thereof. Actual possession of land may be had without fences or enclosure.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Freeman & Bates*, for Appellant.

A fence is not essential to possession, and it was error for the court so to charge. (*Moss* v. *Scott*, 2 Dana, 274; *Elliott* v. *Pearl*, 10 Peters, 442; *Ewing* v. *Burnett*, 11 Peters, 41; *Ford* v. *Wilson*, 35 Miss. 505.)

*A. P. Catlin*, for Respondent.

SEARLS, C. — Ejectment to recover a strip of land.

The jury rendered the following verdict: —

" We, the jury in the above-entitled cause, find for the defendant, on the ground that he has not had possession of any of the land sued for."

Plaintiff and defendant were adjoining owners of land.

In December, 1881, defendant constructed a fence, apparently as and for a line fence between himself and plaintiff, but which was not on the line, being over on plaintiff's land, and leaving a narrow strip thereof on defendant's side.

The fence did not make an enclosure, extending only a portion of the way along the vicinity of the line, and at the end of such fence there was an open space by which egress and ingress could be had from and to plaintiff's land.

At the trial plaintiff asked the court to instruct the jury as follows : —

" It is not necessary for the plaintiff to show that the defendant surrounded the land in controversy by an enclosure. The defendant is to be deemed to be in possession of such part of the land, if any, as he occupied and used in the same manner that owners of land of like character in that neighborhood commonly occupy and use them."

The court refused to give the instruction, which refusal was excepted to, and is assigned as error.

The court, at request of defendant, instructed the jury as follows :—

"In order to entitle plaintiff to recover the strip of land claimed in this action, it must appear to the jury from the evidence that defendant so enclosed the same as to deprive plaintiff of the possession of the same, and to appropriate the same to his own exclusive use, and that the land so enclosed belongs to plaintiff."

The giving of which is also assigned as error.

It will be perceived that by the instruction refused and the one given the court indicated to the jury very clearly that to constitute an ouster it was necessary that defendant should have enclosed the land in dispute so as to deprive plaintiff of the possession thereof, and in defendant's third instruction the court told the jury they must be satisfied from the evidence that by means of fences defendant so enclosed the strip of land as to deprive plaintiff of the possession of the same.

Actual possession of land may be had without fences or enclosure. (*McCreery* v. *Everding*, 44 Cal. 246.)

Enclosing land by a fence is evidence of possession, but it is not the *only* evidence of possession.

He who enters upon land, occupies it, subjects it to his will and dominion for a purpose to which it is adapted, excluding all other persons therefrom, and is in the exclusive enjoyment of its advantages and products, is as much in the possession of such

land as though he had enclosed it with a fence. In *Suñol* v. *Hepburn*, 1 Cal. 254, the court held that the fact that cattle and horses of a person had roamed over and grazed upon a tract of land does not, of itself alone, make out an actual possession of the land in him.

A person, however, who marks off the boundaries of a tract of land reasonable in extent, and habitually uses the same for pasturage of stock, confining his cattle thereon, and excluding all others therefrom by the aid of herdsmen employed by him for that purpose, the land being adapted to the purpose indicated, is as much in the actual possession of such land as though he had enclosed it by a fence.

"The possession to be shown in the defendant in an action of ejectment need not be *actual*, as contradistinguished from *constructive*, in its character." (*Crane* v. *Ghiradelli*, 45 Cal. 236.)

In the present case there was evidence tending to show that defendant had built his fence over the line and upon the land of plaintiff.

The defendant, who was a witness in his own behalf, on cross-examination said. "Since December of last year I have used the land the same as before. Have run my sheep on it. I suppose the sheep run up to the new fence. I had the same use and occupation of the part up to the new fence as of any other part of my place, and I claimed the right to use up to that fence. I supposed the fence was on my land. I used the part adjoining the fence the same as I used all my high land."

This testimony tended to show that defendant was in possession of the land in dispute, claiming it as his own.

The instruction refused and those given, taken together, indicated to the jury that the evidence of possession in defendant was of no avail, and did not amount to an ouster, unless defendant had so enclosed the land as to deprive plaintiff of the possession of the same.

This was error for which the judgment should be reversed and a new trial granted.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment is reversed and cause remanded for a new trial.