[No. 15. Second Appellate District.—July 21, 1905.]

## HIGHLAND PARK OIL COMPANY, Respondent, v. WESTERN MINERALS COMPANY et al., Appellants.

FORCIBLE ENTRY AND DETAINER—BRIEF PEACEABLE POSSESSION—SUPPORT OF FINDING.—In order to sustain an action for forcible entry and detainer, it is not essential that the prior peaceable possession

of the plaintiff should have existed for any definite length of
time. It is sufficient to support a finding of peaceable possession
at the date of the forcible entry where there is testimony tending
to show the actual peaceable possession of plaintiff for the greater
portion of one day prior thereto.

ID.—FORCIBLE EJECTION—SUPPORT OF FINDING—USE OF DEADLY
WEAPONS.—A finding that defendants with strong hand and with
force and violence ejected plaintiff from the premises is supported
by evidence that agents of the defendants demanded possession
from plaintiff's agents with the exhibition of deadly weapons, sup-
plemented with a statement that "jumpers have been known to
lose a leg," which caused plaintiff's agents to leave the premises.

ID.—EVIDENCE—DEED TO PLAINTIFF—ERROR NOT PREJUDICIAL.—While
it is true that in proceedings under the Forcible Entry Act neither
title, right of possession, nor good faith on the part of the plaintiff
is essential to a maintenance of the action, yet the admission in
evidence of a deed to the plaintiff is not prejudicial.

APPEAL from an order of the Superior Court of Kern
County denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Laird & Packard, for Appellants.

Reardan & Whitaker, for Respondent.

ALLEN, J.—Action for forcible entry and for forcible de-
tainer. Judgment went for plaintiff. Defendants appeal
from an order denying a new trial.

Plaintiff in its complaint alleges that on February 1, 1902,
it was in peaceable and actual possession of the south half
of the north half of section 28, township 11 north, range 23
west, San Bernardino Base and Meridian, Kern County, Cali-
fornia; and was engaged in erecting upon said land a cabin.
That on said date the defendants by force and violence en-
tered on said premises, and in a forcible manner ejected
plaintiff therefrom, tore down and destroyed the cabin, and
carried away the materials used in its construction. As a
second cause of action, plaintiff repeated all the matters stated
in the first cause of action, and alleged further that defend-
ants still forcibly keep and hold possession of said premises.
The answer, in effect, denies all the material allegations of
the complaint; and upon the trial the court found the alle-
gations in the complaint to be true.

The principal contention of defendants on this appeal is, that the finding that plaintiff was in the peaceable possession of said premises at the date of the entry has no support in the evidence. There is some testimony tending to show the actual possession of plaintiff for the greater portion of one day. It is not made an essential in the statute that actual possession should have existed for any definite length of time. The mere fact of peaceable and quiet possession is all that is material for plaintiff to establish.

It is insisted further that there is no support in the testimony for the finding of the court that defendants, with strong hand and with force and violence, ejected plaintiff from the premises. There is ample testimony in the record to show that the servants and agents of plaintiff were by force driven off the premises by defendants' agents. Where one man who is armed with and flourishing a deadly weapon approaches another and directs him to vacate premises, supplementing the demand with the statement that "jumpers have been known to lose a leg," and the other, apprehending danger, vacates, there should be no difficulty in determining that such vacation was forcible, and with a strong hand.

It is further contended that the rulings of the court in admitting the deed to plaintiff of the premises was error. While it is true that in proceedings under the Forcible Entry Act neither title, right of possession, nor good faith on the part of plaintiff is essential to a maintenance of the action, yet it is difficult to see the prejudice which would result to the defendants by the proof of all or either of them.

Many other exceptions and objections were made as to the ruling of the court in the introduction of testimony, in none of which are we able to discover any prejudicial error.

The order denying a new trial is affirmed.

Gray, P. J., and Smith, J., concurred.