[Civ. No. 8421. Third Dist. Sept. 28, 1954.]

WARREN V. CLARK, as Administrator, etc., Respondent, v. AMALIA STOTTS et al., Appellants.

Frank Loria and Ronald E. Bates for Appellants.

Huberty & Huberty for Respondent.

PEEK, J.—This is an appeal by defendants from a judgment quieting title in plaintiff, and awarding damages for timber removed by defendants from the property.

Both parties claim to deraign title through one Pillsbury. Plaintiff's deed dated July 14, 1883, described the property as follows:

"All that certain piece or parcel of land lying and being inside of W. V. Clarks enclosure, and located North of the Wagon road leading from Mokelumne Hill to David McCarty's Sawmill, and bounded as follows: N by land of W. V. Clark, S. by Mokelumne Hill Wagon road, E. by line of Clarks Canal, W. by Henhouse yard fence and land of W. V. Clark."

Defendants' title is predicated upon a deed to defendant Amalia Stotts dated May 31, 1921, wherein the property is described as follows:

"The fractional North half of the Southeast quarter and the Southwest quarter of the Southeast quarter and the East half of the East half of the Southwest quarter of Section thirty-five (35) Township six (6) North, Range thirteen (13) East, Mount Diablo Base and Meridian.

"SAVE AND EXCEPTING that certain parcel of land conveyed by Daniel H. Pillsbury to W. V. Clark by Deed dated July 14, 1883, and of record in the office of the County Recorder of Calaveras County, California, in Book 17 of Deeds, at page 239, Calaveras County Records, reference to which is hereby made for a particular description of said parcel.

"Water right and ditch taking water from the Calaveras River at Culvert in Southwest quarter of Section thirty-six (36) . . . together with water from spring in line of said ditch and conveying water from both supply sources to South half of Section thirty-five (35). . . ."

At the trial no question was raised as to the validity of the chain of title as deraigned from the United States patent through Pillsbury. The main issue related to the identification of the property conveyed by the deed from Pillsbury to Clark as being the same property as that described by metes and bounds in plaintiff's complaint which description was prepared for plaintiff by one Rutherford, a licensed surveyor. When called as a witness for plaintiff, he testified that he observed a ditch running generally through the southerly portion of the property and meandering northward along the line claimed by plaintiff to be the eastern boundary thereof, and that he also observed the remains of an old barbed wire fence along the southern boundary just north of the road claimed to be the southern boundary line and referred to in the deed as Mokelumne Hill Wagon Road. There was additional evidence given by plaintiff who testified concerning the overall physical aspects of the property at the time the Pillsbury deed was executed; the enclosure by decedent of the entire property with a fence; the existence of a road adjacent to the property known as the McCarty Mill Road; the present remains of a barbed wire fence along the southern boundary; the use of the land to the north by his father, which land was later patented to a sister; and the ditch presently running through the property which was known as Clark's Canal.

It is defendants' first contention that by virtue of the provisions of section 318, Code of Civil Procedure, plaintiff does not have the capacity to maintain the present action. It is not denied that plaintiff's case was of necessity predicated upon the Pillsbury deed, and the description of the property therein conveyed as reflected by the description set forth in plaintiff's complaint. In view of the evidence above summarized it cannot be said that the same was insufficient

to support the conclusion of the trial court as to the validity thereof. Thus the defendants are placed squarely within the well-established rule that where a party relies upon an absolute conveyance of real property, section 318 of the Code of Civil Procedure does not apply (*Borden* v. *Boyvin*, 55 Cal.App.2d 432, 436 [130 P.2d 718]), and hence appellants' contention in this regard is without merit.

It necessarily follows that since respondent established by sufficient evidence the validity of the Pillsbury deed, and since the deed under which appellants' claim specifically excepts the property so conveyed to respondent's father, appellants' only claim to the property could be by adverse possession.

■ To establish title by adverse possession, a claimant must not only show compliance with the provisions of section 325 of the Code of Civil Procedure, but also must show that such possession was open, notorious, hostile, exclusive, continuous and uninterrupted. ■ It is the further rule that such possession cannot be made out by inference, but only by clear and positive proof. ■ The burden of proving all of the essential elements thereof is upon the person so relying, and if one element is wanting, then the claim must fail. (*Yuba River Sand Co.* v. *City of Marysville*, 78 Cal.App.2d 421, 429 [177 P.2d 642]; *Sheehan* v. *All Persons*, 80 Cal.App. 393, 401 [252 P. 337].) Obviously such a rule is dependent upon the facts in support thereof, and a judgment predicated upon such facts will not be interfered with on appeal unless the same is insufficient as a matter of law. ■ While here it cannot be said that the evidence introduced by respondent was wholly insufficient to establish the necessary elements, nevertheless at most such evidence only created a conflict. Appellants' testimony concerning the posting of notices of nonresponsibility and the recording of leases, was denied by plaintiff and his witnesses. Furthermore there was a conflict concerning the use of the property by appellants for grazing purposes, there being direct evidence that decedent had leased the land to others. Since the conflict in the evidence as to one or more of the necessary elements going to make up their claim of adverse possession was substantial, it necessarily follows that defendants did not sustain the burden cast upon them. Again, appellants, as well as this court, under the well-established rules on review, are bound by the conclusions of the trial court.

It is also the contention of defendants that the court erred in excluding certain documentary evidence offered by them,

and in striking the testimony of the county assessor who testified in their behalf. Defendants' contention in this regard is made without citation of authority and with no showing whatsoever of prejudice resulting therefrom. It would seem unnecessary to discuss this question at length in view of the summary treatment of the contention in appellants' opening brief and the complete failure of any mention thereof in their closing brief. Suffice it to say that from our examination of the record, even if it could be said that the trial court erred in not admitting the evidence in question, we can no more say than can defendants that such error, if any, was prejudicial to them. (Cal. Const., art. VI, § 4½.)

Defendants lastly contend that the findings do not find as to ultimate facts. This contention is also without merit. Although the findings herein might have been couched in different language, they did follow the allegations of the pleading, and as such were sufficient as findings of ultimate facts. (See *Sun Lbr. Co.* v. *Bradfield,* 122 Cal.App. 391, 394 [10 P.2d 183].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.