[Civ. No. 9750.   Third Dist.   Aug. 31, 1960.]

J. ORLO HAYES et al., Appellants, v. WINIFRED JEAN ANDERSON MITCHELL et al., Respondents.

302

Van Dyke & Shaw for Appellants.

Richard E. Tuttle for Respondents.

PEEK, Acting P. J.—Plaintiffs, J. Orlo and Daphne E. Hayes, appeal from a judgment quieting title of defendants and cross-complainants, Winifred and Robert E. Mitchell, to certain real property located in Sierra County. The parties each own a portion of Lot 5, Township of Sierra City, and the dispute is over a strip of land some 15 feet wide and 600 feet long which lies between their holdings. It is undisputed that this strip of land is used as a roadway and is the only means by which the defendants may gain access to the greater portion of their property. The only issues raised on this appeal are whether the plaintiffs actually failed to prove their causes of action, and whether the defendants did, in fact, prove theirs.

The complaint alleged two causes of action—the first under section 749 of the Code of Civil Procedure, and the second under section 738 of the same code. The defendants answered generally, denying the allegations of the complaint; and as a special defense, that the cause of action set forth therein was barred under the provisions of sections 318, 319 and 338, subdivision 2 of the Code of Civil Procedure; and lastly by cross-complaint, sought to have title quieted in them under the provisions of section 749.1 of the Code of Civil Procedure.

The findings of fact and conclusions of law are couched in the most general terms; *i.e.*, that the defendants "are the owners of the real property herein involved, and as a conclusion of law therefrom that their title to said property should be quieted as against Plaintiffs . . ."

It is a well-established rule that a plaintiff in a quiet title action can only recover on the strength of his own title and not upon the weakness of that of defendant. (*Ernie* v. *Trinity Lutheran Church*, 51 Cal.2d 702, 706 [336 P.2d 525]; *Helvey* v. *Sax*, 38 Cal.2d 21, 23 [237 P.2d 269].) Further, where a plaintiff relies on a paper title alone, he must trace his title (1) to the government, (2) to a grantor in possession at the time of the conveyance to the plaintiff, or (3) to a source common to the chains of title of the plaintiff and the defendant (*Ernie* v. *Trinity Lutheran Church, supra*; and *Helvey* v. *Sax, supra*), and the burden of proof is upon the plaintiff.

Here the record discloses no evidence offered by the plaintiffs to deraign their title from the government or to show

that any common grantor appeared in their or defendants' chain of title, and they failed to bring themselves within either the first or third categories noted in the Ernie case. ▮▮ The record, however, does disclose some conflicting evidence as to whether the plaintiffs' predecessor in interest was in possession at the time of conveyance to plaintiffs. Since under such circumstances the question so posed under the second category is one of fact for the trial court, and since that court has determined upon conflicting evidence against the plaintiffs, we are bound by that ruling. (*Rozelle* v. *Gunn,* 134 Cal.App.2d 589 [286 P.2d 543].) ▮▮ It should also be noted that the mere introduction by plaintiffs of the deed from their immediate grantor is not sufficient to establish a prima facie case. (*Coffin* v. *Odd Fellows Hall Assn.,* 9 Cal.2d 521, 525 [71 P.2d 266] ; see also *Ernie* v. *Trinity Lutheran Church, supra*; and *Helvey* v. *Sax, supra.*) It necessarily follows that plaintiffs have not sustained the burden cast upon them, and hence the trial court did not err when it failed to give them judgment on their complaint.

The next question presented is the sufficiency of the evidence to support the judgment quieting title in the defendants. As this issue was raised by way of a cross-complaint, the defendants are bound by the same rules of proof as discussed above in our consideration of the similar contention by plaintiffs.

▮▮ At the outset, the trial court's decision cannot be based on prior legal title, since the defendants' expert witness testified that part of the description alleged in the cross-complaint (and which was adopted by the trial court) had no basis in any deed in the defendants' chain of title and in fact was placed in the survey solely on the instructions of defendants' attorney so as to include the roadway as actually used by the parties. This being so, if the judgment can be upheld, it can only be upon one or either of three theories of (1) agreed boundary, (2) estoppel or (3) adverse possession.

However, the defendants did not plead either estoppel or agreed boundary; nor can we find, after a thorough examination of the record, any reference to either of them. Necessarily, therefore, since they were not issues raised during the trial they cannot be considered on this appeal. The sole theory of the case, as pleaded by the defendants and as argued during the trial, was adverse possession, and therefore the judgment can stand only if the elements of this theory are supported by substantial evidence.

▮▮ Clearly the defendants do not have legal title to the

roadway, nor did they enter into possession of it under color of title, for it is uncontroverted that the grant deed to them by their predecessors in interest did not contain a description of this area. Thus, if the defendants acquired title by adverse possession, it could only have been by actual possession, thereby necessitating compliance with the provisions of section 325 of the Code of Civil Procedure, the pertinent portions of which read as follows: ''For the purpose of constituting an adverse possession by a person claiming title, not founded upon a written instrument, judgment, or decree, land is deemed to have been possessed and occupied in the following cases only: *First*—Where it has been protected by a substantial inclosure. *Second*—Where it has been usually cultivated or improved.'' Under the interpretation given this section by the courts, the two requirements set out above are in fact alternatives. (*Phelan* v. *Drescher*, 92 Cal.App. 393 [268 P. 465].) Therefore, provided the other prerequisites have been met, *i.e.*, occupation for five years and payment of taxes, the moving party has proved his case if he shows either substantial inclosure or usual cultivation or improvement. Under the facts of this case neither has been proved.

First, there was no substantial inclosure, for there are portions of the roadway which are not fenced at all, and where there is a fence it consists only of random posts and boards. (*Phelan* v. *Drescher, supra.*) Secondly, there was no usual cultivation or improvement, as the defendants testified that they only cleared the roadway of brush and weeds on one occasion. (*Scott* v. *Warden*, 111 Cal.App. 587 [296 P. 95].)

The judgment is reversed.

Schottky, J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.