[Civ. No. 19902.   First Dist., Div. Three.   May 8, 1962.]

BIRDIE E. BROWN, Plaintiff and Respondent, v. HARRY BERMAN, Defendant and Appellant.

328

Sidney Rudy and Richard N. Rapoport for Defendant and Appellant.

Moore & Snider and Ray F. Snider, Jr., for Plaintiff and Respondent.

DRAPER, P. J.—Defendant Berman appeals from decree quieting title in plaintiff. Plaintiff's claim is based wholly on adverse possession, claimed to have been continuous for more than five years before date of filing of the complaint, February 4, 1960, and to and including date of trial, October 31, 1960. Defendant Lantz acquired title by deed in 1950. Taxes on the property were long delinquent. In 1953, plaintiff paid the taxes due for the fiscal year 1952-1953. In 1954, she paid all delinquent taxes for the years 1946-1951, and certificate of redemption was filed with the State Controller, whose receipt therefor was recorded (Rev. & Tax. Code, § 4107). By May of 1954, she completed on this lot a fence which measured 48 feet across the front, 50 feet across the rear, and 123 feet on each side. On this fence she placed a sign "Private Property, Keep Off, No Trespassing." She testified that her name appeared in one corner of the sign. She maintained fence and sign through time of trial, inspecting them almost every week. In August, 1959, defendant Berman loaned Lantz $1,100 and recorded a trust deed on the lot securing repayment. Trustee and trustor were joined in this action, but defaulted. Berman is the only appellant.

The decree quiets title to the entire lot described by reference to a recorded map. The map is not in evidence, but there is testimony that the mapped lot is in fact 150 feet by 50 feet. There is no finding as to the actual size. Plaintiff, both

in the trial court and here, asserts a claim only to an area 125 feet by 50 feet. ■ The requirements of possession are more stringent where the possessor acts under mere claim of right than when he occupies under color of title (2 Witkin, Summary of Cal. Law, 877). ■ In the former case, the land is deemed to have been possessed and occupied only where it has (a) been protected by a substantial inclosure, or (b) usually cultivated or improved (Code Civ. Proc., § 325). Compliance with requirement (b) is not even suggested here. Thus plaintiff must rely upon her fencing of the lot. "[T]he land so actually occupied, and no other, is deemed to have been held adversely" (Code Civ. Proc., § 324). ■ Here the trial court made no determination as to the portion of the lot actually enclosed by fence, or as to the extent of the area to which title was quieted. Thus the case must be returned for retrial.

■ There is a suggestion that some part of the land not fenced was the subject of an easement for street purposes. But it should be noted that the requirement of enclosure applies to such land when, as here, the decree purports to quiet title to the underlying fee (see *Hayes* v. *Mitchell,* 184 Cal.App.2d 301, 305 [7 Cal.Rptr. 364]).

■ Defendant also argues that the adverse character of plaintiff's possession was not open and notorious. This is a question of fact. ■ There was conflicting evidence as to whether the fence was substantial and as to whether plaintiff's name appeared on the sign. The trial court made no specific finding on those issues. Under other circumstances, the general findings might be sufficient. Here, however, the trial court's quieting of title to land not enclosed by the fence raises doubt that it in fact passed on these points. Since the case must be retried, these issues should be directly determined.

■ One further claim should be resolved to guide retrial. Upon the basis that "[e]quitable principles apply in a quiet title action" (*Talbot* v. *Gadia,* 123 Cal.App.2d 712, 720 [267 P.2d 436]), defendant argues that the clean hands doctrine bars recovery by a plaintiff who is a mere trespasser or intruder. This contention overlooks the fact that title by adverse possession is not limited to those who claim under color of title, but is available also to those who merely make a claim of right (2 Cal.Jur.2d 502-503). One entering under a claim of right is a mere intruder or trespasser (*Kimball* v. *Lohmas,* 31 Cal. 154, 159), without any bona fide belief in his title (2

Witkin, Summary of Cal. Law 876). To hold that one who meets the stringent possession requirements of section 325 cannot gain any prescriptive title under mere claim of right would defeat entirely the application of adverse possession to all save those claiming under color of title. No authority is cited for defendant's contention. Obviously none can be, since it is the antithesis of the historical doctrine which permits one who takes by "bow and spear," and defends against all comers, to acquire title on expiration of the statutory period.

Judgment reversed.

Salsman, J., and Devine, J., concurred.