[Civ. No. 23733.   First Dist., Div. Three.   July 24, 1968.]

JAMES F. LANDINI, Plaintiff, Cross-defendant and Respondent, v. C. M. DAY, Defendent, Cross-complainant and Appellant.

George De Lew for Defendant, Cross-complainant and Appellant.

John H. Lenz for Plaintiff, Cross-defendant and Respondent.

BROWN (H. C.), J.—This is an action wherein both plaintiff James F. Landini and defendant-cross-complainant C. M. Day seek to quiet title to a parcel of real property located in Sonoma County, California.

The plaintiff is the successor in interest to Louis Parente, and the defendant is the successor in interest to Joseph Parente, the brother of Louis Parente.

Louis for many years owned certain real property consisting of about three acres of land in Boyes Springs upon which

he conducted a resort known as "The Palms." Sometime prior to 1939 he borrowed $60,000 from his brother Joseph. This loan was evidenced by a promissory note secured by a deed of trust on "The Palms" property.

Also owned by Louis at the time of the loan transaction was a small pie-shaped parcel located a short distance from "The Palms." It was used only as the location for a sign the size of an ordinary table top which advertised "The Palms" resort. This pie-shaped parcel is the subject of the present action. Gaeton Parente, the son of Joseph Parente, claims that, contrary to the intention of the parties, the parcel was omitted from the property description in the deed of trust given by Louis to Joseph.

Louis died in 1939 and Joseph foreclosed on the property described in the deed of trust, thereby acquiring "The Palms" resort property. Joseph, believing the description of the pie-shaped parcel was included in the deed of trust and that he was the owner, paid the taxes thereon after the foreclosure proceedings up to the time of his death in 1950. Joseph's widow Theresa and her son, Gaeton, continued to pay the taxes until 1953.

In 1953 Lillian Parente learned that record title to the pie-shaped parcel was in her deceased father's name (Louis) and that the parcel had not been included in the description of real property contained in the deed of trust. Lillian instituted probate proceedings so that her father's title could be distributed to her, and title to the parcel was distributed to her by decree of the probate court. She then agreed to sell the parcel to plaintiff Landini for $1,500 and executed a deed to Landini. She forwarded the deed to the Northwestern Title Insurance Company with instructions to deliver and record it upon receiving the $1,500 purchase price. The $1,500 was not paid by plaintiff for the reason that the title company discovered that Theresa Parente had previously conveyed the property to defendant Day. This prior conveyance had been recorded and created a cloud on Lillian's title. The taxes that accrued between 1953 and 1965 were paid by Day's uncle. Mervyn Goodman, who also arranged the conveyance from Theresa to Day.

In summary, plaintiff Landini claims title by reason of a deed from Lillian Parente who was the distributee in the probate proceedings of her father Louis Parente, the record owner of the property. Defendant Day's claim rests upon the

validity of the deed from Theresa Parente who, it is contended, acquired title by adverse possession.

The trial court awarded judgment for the plaintiff Landini and found that ''neither or either of them, namely THERESA PARENTI, GAETON PARENTI AND MERVYN GOODMAN have any interest in the land described in the complaint . . . ; that the said defendants never had and do not now have, and as a consequence thereof, could not have transferred any interest in the said property to C. M. DAY.''

Defendant's claim of title is based upon (1) the allegation that the property should have been included in the deed of trust from Louis to Joseph and was inadvertently omitted therefrom, (2) the payment of taxes on the property by defendant and her predecessor in interest, and (3) Joseph's possession of the property in excess of five successive years.

Section 324 of the Code of Civil Procedure provides: ''Where it appears that there has been an actual continued occupation of land, under a claim of title, exclusive of any other right, but not founded upon a written instrument, judgment, or decree, the land so actually occupied, and no other, is deemed to have been held adversely.''

Section 325 of the Code of Civil Procedure provides: ''For the purpose of constituting an adverse possession by a person claiming title, not founded upon a written instrument, judgment, or decree, land is deemed to have been possessed and occupied in the following cases only: 1. Where it has been protected by a substantial inclosure. 2. Where it has been usually cultivated or improved. Provided, however, that in no case shall adverse possession be considered established under the provision of any section or sections of this code, unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county, or municipal, which have been levied and assessed upon such land.''

''In order to establish title by adverse possession, the claimant must show exclusive possession by actual occupation under such circumstances as to give reasonable notice to the owner of the title; possession hostile to the owner's title; a claim of ownership of the property; continuous and uninterrupted possession for five years; and payment by him of all taxes levied and assessed on the property. (*Laubisch* v. *Roberdo,* 43 Cal.2d 702 [277 P.2d 9]; Code Civ. Proc., § 325.)'' (*Mooney* v. *Shields,* 196 Cal.App.2d 165, 169 [16

Cal.Rptr. 449] ; see *Weller* v. *Chavarria,* 233 Cal.App.2d 234, 241-242 [43 Cal.Rptr. 364].) ▇ "The burden is on the claimant to prove every essential element by clear and satisfactory evidence." (*Weller* v. *Chavarria, supra,* at p. 242.) If one element is wanting, the claim must fall. (*Clark* v. *Stotts,* 127 Cal.App.2d 589, 592 [274 P.2d 172] ; *Kraus* v. *Griswold,* 232 Cal.App.2d 698, 709 [43 Cal.Rptr. 139].)

Clearly, Joseph Parente did not have legal title to the property; neither did he enter into possession under color of title as it is uncontroverted that the deed of trust which he foreclosed did not contain a description of the property. (See *Hayes* v. *Mitchell,* 184 Cal.App.2d 301, 304 [7 Cal.Rptr. 364].) Thus, if Joseph Parente acquired title by adverse possession, it could only have been by actual possession, thereby necessitating compliance with the provisions of section 325 of the Code of Civil Procedure. (See *Hayes* v. *Mitchell, supra,* at p. 305.)

▇ Under the interpretation given this section by the courts, the two requirements, as set out above, are in fact alternatives. (*Phelan* v. *Drescher,* 92 Cal.App. 393 [268 P. 465].) Therefore, the moving party has proved occupation if he shows either substantial inclosure or usual cultivation or improvement. (*Hayes* v. *Mitchell, supra,* at p. 305.)

▇ The requirements of possession are more stringent where the possessor acts under mere claim of title than when he occupies under color of title. (2 Witkin, Summary of Cal. Law, 876-877.) Also, when possession is under a claim of title "the land . . . actually occupied, and no other, is deemed to have been held adversely." (Code Civ. Proc., § 324.)

▇ As the facts established that defendant had a claim of right under the belief that the parcel should have been included in the deed of trust, and that he paid the taxes in excess of five years, the only remaining question is did the trial court err in failing to find that defendant occupied the property within the provisions of section 325 of the Code of Civil Procedure.

The property was never inclosed by fence, nor was it cultivated. Defendant argues, however, that the sign giving directions to "The Palms" was situated on the property, and that this sign constitutes possession and improvements.

In *Hart* v. *Cox,* 171 Cal. 364, the court said at page 367 [153 P. 391] : "In determining the sufficiency of acts to constitute possession of a given piece of real property, the courts have taken into consideration the character of the land, its

locality, and the customs of the community. No particular period of possession need be shown. If, in this case, respondent was in possession of the land for any time, however short, that was sufficient, providing, of course, such possession was not surrendered. (*Highland Park Oil Co.* v. *Western etc. Co.*, 1 Cal.App. 340 [82 P. 228].) Nor is living upon the premises an indispensable requisite to possession. (*Gray* v. *Collins*, 42 Cal. [152] 157; *Wilson* v. *Shackelford*, 41 Cal. 630; *Shelby* v. *Houston*, 38 Cal. 410, 423; *Bradley* v. *West*, 60 Mo. 59.) Cultivation is not absolutely necessary. (*Gray* v. *Collins*, 42 Cal. [152] 157.) And actual possession of land may be had without fences or inclosures. It is sufficient if the land is occupied and used in the same manner that owners of land of like character in that vicinity usually occupy and exercise dominion over their property. (*Giddings* v. *'76 Land & Water Co.*, 83 Cal. 99 [23 P. 196]; *McCreery* v. *Everding*, 44 Cal. 250; *Sheldon* v. *Mull*, 67 Cal. 299, 301 [7 P. 710].)' "

Appellant claims that the placement of the sign advertising "The Palms" resort in the instant case was consonant with normal use as it was a small parcel of property limited in its uses. The placing of advertising signs on property by one claiming ownership might be construed as constituting an improvement or possessive use under section 325 of the Code of Civil Procedure, but here the evidence failed to disclose whether the sign was on the property before or after Joseph acquired "The Palms." The evidence as to whether there was ever a sign on the property is also conflicting. Plaintiff testified to familiarity with the property since 1951. He did not see a sign advertising "The Palms" on the property but did recall a sign on adjacent property.

■ Whether a claimant's possession under the circumstances is open, notorious and hostile is a question of fact to be resolved by the trial court on the evidence before it and the reasonable inferences to be drawn therefrom. (*Weller* v. *Chavarria, supra,* 233 Cal.App.2d 234, 248.) (See also *Brown* v. *Berman,* 203 Cal.App.2d 327 [21 Cal.Rptr. 401].) ■ As there was no evidence that Joseph Parente actually constructed the sign or placed it on the property, the trial court could have inferred that it was on the property prior to the time Joseph took possession. The trial court also could have reasonably concluded that the sign was not on the pie-shaped parcel, or if on, had been placed there by Louis and did not afford reasonable notice to the record owner that the property was being adversely claimed.

Defendant also claims that the title company acted without authorization in furnishing the deed from Lillian Parente to plaintiff Landini and that there was no delivery of the deed. It appears that this contention has no relevancy to the real issues. Lillian clearly intended that Landini should have title to the land, and she has not challenged the validity of the delivery. ▮ At any rate, a person claiming title by adverse possession must prove his own title and may not rely upon defects in the title of others. (*Kraus* v. *Griswold,* 232 Cal.App.2d 698, 711 [43 Cal.Rptr. 139].)

▮ It is therefore concluded that although taxes were paid under claim of title by appellant and her predecessor in interest for the statutory period, the judgment of the trial court quieting plaintiff's title is supported by defendant's failure to prove adverse possession by either improvement or inclosure of the property. Louis Parente was never divested of title. Upon his death it was distributed to his daughter, Lillian Parente, who deeded the property to respondent in whom title now vests free and clear of any claim or interest of appellant.

The judgment is affirmed.

Draper, P. J., and Salsman, J., concurred.