Filed 1/14/22  Ruiz-Bouvet v. Harrison CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| VINCENT RUIZ BOUVET,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SARA T. HARRISON,<br><br>    Defendants and Respondent. | 2d Civ. No. B304805<br>(Super. Ct. No. 56-2018-00515518-CU-OR-VTA)<br>(Ventura County)<br><br>ORDER DENYING PETITION FOR REHEARING AND MODIFYING OPINION<br>(No Change in Judgment) |

THE COURT:

Appellant's petition for rehearing is denied.  It is ordered that the opinion filed on December 16, 2021 be modified as follows:

On page 2, line 4, delete the entire sentence beginning "He repeated that claim . . ." and insert the following sentence instead:  Vincent testified that he repeated that claim "at the funeral home when [the siblings] made arrangements for [their] mother's burial."

On page 2, footnote 3, delete both sentences in the footnote and insert the following instead:  Vincent, who is an attorney, is an inactive member of the California State Bar.

On page 3, third full paragraph, second to the last sentence, delete "the next day," so that the sentence now reads: He testified he repeated this claim to all of them at the funeral home.

On page 3, third full paragraph, last sentence, delete "Vincent acknowledged there was" and insert instead "Vincent produced," so that the sentence now reads: Vincent produced nothing in writing evidencing Victoria's intent to leave him the property, i.e., there was no will, trust or conveyance of any kind.

On page 8, second full paragraph, delete "a practicing attorney at the time" in the first sentence and insert instead "an attorney," so that the sentence now reads: Although the trial court noted that Vincent was an attorney and had failed to give his siblings written notice of the ouster, it did not state that written notice is an absolute requirement.

On page 8, second full paragraph, delete the second sentence beginning "Vincent testified" in its entirety and insert the following sentence instead, including the quotation marks: According to the reporter's transcript, Vincent testified: "[B]eing an attorney and handling property law, I was aware I had to take exclusive control and exclude my siblings from any – any control of the house."

On page 9, second sentence, delete "the next day," so that the sentence now reads: He claims the testimony, which was not presented in the trial court, establishes that the siblings were not upset the day their mother died or at the funeral home.

No change in judgment.

_____

GILBERT, P.J.          YEGAN, J.          PERREN, J.

Filed 1/14/22  Ruiz-Bouvet v. Harrison CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).   This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| VINCENT RUIZ BOUVET,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SARA T. HARRISON,<br><br>    Defendants and Respondent. | 2d Civ. No. B304805<br>(Super. Ct. No. 56-2018-00515518-CU-OR-VTA)<br>(Ventura County)<br><br>ORDER DENYING PETITION FOR REHEARING AND MODIFYING OPINION<br>(No Change in Judgment) |

THE COURT:

Appellant's petition for rehearing is denied.  It is ordered that the opinion filed on December 16, 2021 be modified as follows:

On page 2, line 4, delete the entire sentence beginning "He repeated that claim . . ." and insert the following sentence instead:  Vincent testified that he repeated that claim "at the funeral home when [the siblings] made arrangements for [their] mother's burial."

On page 2, footnote 3, delete both sentences in the footnote and insert the following instead: Vincent, who is an attorney, is an inactive member of the California State Bar.

On page 3, third full paragraph, second to the last sentence, delete "the next day," so that the sentence now reads: He testified he repeated this claim to all of them at the funeral home.

On page 3, third full paragraph, last sentence, delete "Vincent acknowledged there was" and insert instead "Vincent produced," so that the sentence now reads: Vincent produced nothing in writing evidencing Victoria's intent to leave him the property, i.e., there was no will, trust or conveyance of any kind.

On page 8, second full paragraph, delete "a practicing attorney at the time" in the first sentence and insert instead "an attorney," so that the sentence now reads: Although the trial court noted that Vincent was an attorney and had failed to give his siblings written notice of the ouster, it did not state that written notice is an absolute requirement.

On page 8, second full paragraph, delete the second sentence beginning "Vincent testified" in its entirety and insert the following sentence instead, including the quotation marks: According to the reporter's transcript, Vincent testified: "[B]eing an attorney and handling property law, I was aware I had to take exclusive control and exclude my siblings from any – any control of the house."

On page 9, second sentence, delete "the next day," so that the sentence now reads: He claims the testimony, which was not presented in the trial court, establishes that the siblings were not upset the day their mother died or at the funeral home.

No change in judgment.

2

_____

GILBERT, P.J.          YEGAN, J.          PERREN, J.

Filed 12/16/21  Ruiz-Bouvet v. Harrison CA2/6 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| VINCENT RUIZ-BOUVET,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SARA T. HARRISON, individually and as Administrator of the Estate of Victoria Ruiz,<br><br>    Defendant and Respondent. | 2d Civ. No. B304805<br>(Super. Ct. No. 56-2018-00515518-CU-OR-VTA)<br>(Ventura County) |

Appellant Vincent Ruiz-Bouvet (Vincent) and his three siblings, respondent Sara T. Harrison (Sara), Annette Ruiz (Annette) and Robert Ruiz (Robert) (collectively "siblings") inherited the single-family residence owned by their mother,

Victoria Ruiz (Victoria), when she died intestate in 2012.[1]  On the day Victoria died, Vincent privately told each of his siblings that Victoria had given him both the property and her savings so that he would have a place to live.  He repeated that claim to all his siblings at the funeral home the next day.

Vincent and Annette continued to live on the property as they had prior to Victoria's death.  Vincent made no attempt to secure sole ownership of the property until 2018, when Sara filed a probate proceeding on behalf of Victoria's estate.  Vincent then brought this action to quiet title based on adverse possession.

The case was tried by the court in November 2019.  At the close of Vincent's case-in-chief, Sara moved for judgment under Code of Civil Procedure section 631.8.[2]  The trial court granted the motion, finding that Vincent had "failed to meet his burden of proving by clear and convincing evidence that he gave notice to the other cotenants [i.e., his siblings] of his claim of exclusive ownership" of the property.  It entered judgment for Sara.

Vincent, appearing in propria persona,[3] contends the trial court (1) applied the wrong burden of proof and improperly added an element to his adverse possession claim, (2) improperly admitted his deposition testimony, (3) made erroneous findings of fact, (4) made inferences that are unsupported by the record and (5) improperly found that his testimony did not establish all the

---

[1] For the sake of clarity, we refer to the family members by their first names.  No disrespect is intended.

[2] All statutory references are to the Code of Civil Procedure.

[3] Vincent was a practicing attorney at the time of trial.  He is now an inactive member of the State Bar.

elements of his adverse possession claim. None of these claims has merit. We affirm.

FACTUAL BACKGROUND

Victoria and Vincent Canalez Ruiz acquired the property located at 6825 Dove Street in Ventura in 1972. They are the siblings' parents.

Vincent Canalez Ruiz quitclaimed the property to Victoria in 1978. Victoria remained the sole legal owner of the property until her death in March 2012. There was no mortgage on the property and "no known liens or encumbrances."

Vincent and Annette lived with Victoria until her death. Annette paid the monthly utility and cable TV bills and Vincent paid $150 per month in rent. On the day Victoria died, the distraught siblings met at the property. Vincent testified his siblings were "running around like chickens with their heads cut off and trying to get their heads around what had just happened" and "people [were] just kind of in a daze." Vincent claims he took each sibling aside and explained that Victoria wanted him to have the property and that he would own it "'to the exclusion of each of his siblings.'" He testified he repeated this claim to all of them at the funeral home the next day. Vincent acknowledged there was nothing in writing evidencing Victoria's intent to leave him the property, i.e., there was no will, trust or conveyance of any kind.

Vincent and Annette continued to live on the property, and Annette continued to pay the monthly utility and cable TV bills. No sibling was excluded from the property.

Vincent paid the property insurance and property taxes. He also paid for certain repairs. None of the other siblings

6

contributed to those expenses. Neither Sara nor Robert objected to Vincent and Annette's continued occupancy.

Because Victoria died intestate, the siblings became equal tenants in common by operation of law. Thus, as of her date of death, each sibling owned an equal one-quarter share of the property as tenants in common. (See *Mannheim v. Superior Court* (1970) 3 Cal.3d 678, 691 ["It is . . . settled that when a decedent dies intestate, his heirs, both known and unknown, acquire an interest in his estate by operation of law at the moment of death"].) "According to the Tax Collector and Assessor records received [by the trial court], Victoria remains the legal owner of record title."

## DISCUSSION

### A. Standard of Review

Vincent misstates and misapplies the applicable standard of review. "'The standard of review after a trial court issues judgment pursuant to . . . section 631.8 is the same as if the court had rendered judgment after a completed trial -- that is, in reviewing the questions of fact decided by the trial court, the substantial evidence rule applies.'" (*Medrazo v. Honda of North Hollywood* (2012) 205 Cal.App.4th 1, 10.) "Under that standard, our review begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, to support the findings below. [Citations.] . . . [W]e view the record in the light most favorable to respondents, giving them the benefit of every reasonable inference and resolving all conflicts in their favor. [Citation.] '[I]t is not our role to reweigh the evidence, redetermine the credibility of the witnesses, or resolve conflicts in the testimony, and we will not disturb the judgment if there is evidence to support it.'" (*Williamson v. Brooks* (2017) 7

7

Cal.App.5th 1294, 1299-1300; accord *People ex rel. Dept. of Motor Vehicles v. Cars 4 Causes* (2006) 139 Cal.App.4th 1006. 1012 ["The purpose of [section] 631.8 is 'to enable the court, when it finds at the completion of plaintiff's case that the evidence does not justify requiring the defense to produce evidence, to weigh evidence and make findings of fact'"].)

*B. Substantial Evidence Supports the Entry of Judgment on Vincent's Adverse Possession Claim*

As we explained in *Preciado v. Wilde* (2006) 139 Cal.App.4th 321 (*Preciado*), "'[i]n an action to quiet title based on adverse possession the burden is upon the claimant to prove every necessary element: (1) Possession must be by actual occupation under such circumstances as to constitute reasonable notice to the owner. (2) It must be hostile to the owner's title. (3) The holder must claim the property as his own, under either color of title or claim of right. (4) Possession must be continuous and uninterrupted for five years. (5) The holder must pay all the taxes levied and assessed upon the property during the period. [Citations.]' [Citation.] [¶] But "'[w]here, as here, a claim of ownership by adverse possession is asserted against a cotenant additional principles become operative. . . ." [Citation.]' [Citation.] "'[E]ach tenant in common has a right to occupy the whole of the property. The possession of one is deemed the possession of all; each may assume that another in exclusive possession is possessing for all and not adversely to the others. . . ."' [Citation.]" (*Id.* at p. 325.)

"""Before title may be acquired by adverse possession as between cotenants, the occupying tenant must bring home or impart notice to the tenant out of possession, by acts of ownership of the most open, notorious and unequivocal character,

8

that he intends to oust the latter of his interest in the common property. [Citations.] Such evidence must be stronger than that which would be required to establish a title by adverse possession in a stranger. [Citation.]' . . . In short, one tenant in common cannot by mere exclusive possession acquire the title of his cotenant. [Citation.]'" [Citations.]" (*Preciado, supra*, 139 Cal.App.4th at p. 325, italics omitted.)

"'An ouster, in the law of tenancy in common, is the wrongful dispossession or exclusion by one tenant of his cotenant or cotenants from the common property of which they are entitled to possession.' [Citation.]" (*Estate of Hughes* (1992) 5 Cal.App.4th 1607, 1612 [absent any evidence of actual exclusion from the property in dispute, the court could not find an ouster].) "[O]uster must be proved by acts of an adverse character, such as claiming the whole for himself, denying the title of his companion, or refusing to permit him to enter." (*Zaslow v. Kroenert* (1946) 29 Cal.2d 541, 548 [denial of title, changing locks, posting "no trespassing" signs on the property and denying admittance thereto constituted ouster].)

Contrary to Vincent's assertions, the trial court correctly stated the elements of his adverse possession claim, correctly identified the burden of proof as clear and convincing evidence and did not add an extra element to the claim. As the court observed, "the presumption of title in each of the four [sibling] cotenants can be overcome only by Vincent's clear and convincing evidence of ouster."

### 1. Burden of Proof

It is true that the cases tend to describe the applicable burden of proof in an adverse possession claim as "clear and satisfactory" or "clear and positive," rather than clear and

convincing. (See, e.g., *Yuba River Sand Co. v. City of Marysville* (1947) 78 Cal.App.2d 421, 429-430 ["[B]urden is on one who claims by adverse possession to prove all the essential elements by clear and satisfactory evidence"]; *Clark v. Stotts* (1954) 127 Cal.App.2d 589, 592 ["[S]uch possession cannot be made out by inference, but only by clear and positive proof"]; *Weller v. Chavarria* (1965) 233 Cal.App.2d 234, 242 ["[B]urden is on the claimant to prove every essential element by clear and satisfactory evidence"].)

Vincent cites *Vieira Enterprises, Inc. v. McCoy* (2017) 8 Cal.App.5th 1057, for the proposition that the burden of proof to establish ouster is preponderance of the evidence. That case, however, involved a claim for termination of easement by adverse possession. It did not involve an adverse possession claim as between cotenants, which requires evidence """"stronger than that which would be required to establish a title by adverse possession in a stranger.""""" (*Preciado*, *supra*, 139 Cal.App.4th at p. 325.)

In any event, *Viera* appears to be the only case holding that the burden of proof is preponderance of the evidence. (*Husain v. California Pacific Bank* (2021) 61 Cal.App.5th 717, 726, fn. 4.) Citing earlier cases, including our decision in *Grant v. Ratliff* (2008) 164 Cal.App.4th 1304, *Husain* reiterated that the burden of proof on a prescriptive easement claim is clear and convincing evidence. (*Husain*, at p. 726.)

### 2. *Evidence of Ouster*

The trial court found that Vincent had clearly and convincingly proven two of the elements of ouster, i.e., occupation of the property for at least five years and payment of the property taxes for at least five years. It found, however, that Vincent had failed to prove "[o]ccupation under circumstances giving the

cotenants notice of [his] assertion of exclusive ownership and intent to ouster the cotenants."

Substantial evidence supports trial court's finding that "[o]ther than an oral statement to his siblings shortly after his mother's death, Vincent did not signal in any manner the open hostility and exclusivity of [his] occupation of the property to the extent of an ouster of the other cotenants." The court also found "that Vincent's testimony that he told his siblings he was claiming sole ownership to the exclusion of their rights as co-tenants lacks credibility," and that "[t]he circumstance of the gathering and [Vincent's] discussions with his siblings do not lend themselves well to notice of ouster in clear and unequivocal terms."

Although the trial court noted that Vincent was a practicing attorney at the time and had failed to give his siblings written notice of the ouster, it did not state that written notice is an absolute requirement. Vincent testified that he was "an attorney and handling property law" and that he was "aware that [he] had to take exclusive control and exclude [his] siblings from any . . . control of the house." Given that this testimony "evince[d] an understanding of the law relating to the ouster of co-tenants generally," the court found it implausible that Vincent did not take other actions consistent with ouster, such as placing a lien on the property, putting title in his name, physically excluding his siblings from the property or making major improvements.

Vincent's burden was to show "'"'acts of ownership of the most open, notorious and unequivocal character.'"'" (*Precisado*, *supra*, 139 Cal.App.4th at p. 325.) Even if we accept that Vincent told his siblings when Victoria died that she wanted him to have

11

the property, his actions do not demonstrate an open, notorious and unequivocal intent to oust his cotenants.  The siblings were in a state of shock and mourning when Vincent approached them at the house and funeral home.  Notwithstanding Vincent's claim of exclusive ownership, Annette continues to live on the property, paying the same utility bills she paid prior to Victoria's death.  The siblings continue to come and go from the property.  There is no clear and convincing evidence of the kind necessary to establish ouster.  As the trial court aptly observed, Vincent and Annette's "occupation of the property was not materially different after Victoria's death than it was before her passing."

### 3.  *Vincent's Deposition Testimony*

Vincent challenges the trial court's admission of his deposition testimony in which he states his siblings were "running around like chickens with their heads cut off and trying to get their heads around what had just happened" and "people [were] just kind of in a daze."  The testimony was offered to show the siblings' state of mind at the time of Victoria's death.  As Sara points out, Vincent waived any challenge to the admission of this testimony by failing to object at trial.  (See *In re Riva M.* (1991) 235 Cal.App.3d 403, 411-412 ["As a general rule, a party is precluded from urging on appeal any point not raised in the trial court"].)

### 4.  *Vincent's Motion To Augment the Record on Appeal*

Vincent seeks to augment the record on appeal with evidence in the form of deposition testimony.  He claims the testimony, which was not presented in the trial court, establishes that the siblings were not upset the day their mother died or the next day at the funeral home.  He contends that if they were not

upset, the oral notice he gave them was sufficient to establish ouster.

The deposition testimony was available at the time of trial. In the absence of extraordinary circumstances, we do not consider evidence that was not before the trial court. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 405.) We therefore deny the motion to augment.

DISPOSITION

The judgment is affirmed. Respondent shall recover her costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

13

Matthew P. Guasco, Judge

Superior Court County of Ventura

_____

Vincent A. Ruiz, Jr., in pro. per., for Plaintiff and Appellant.

Arnold Larochelle Matthews Vanconas & Zirbel, Susan L. McCarthy, for Defendant and Respondent.