JOHN W. DODGE *vs.* BRIDGET LAVIN, *et al.*

BRIDGET LAVIN *vs.* JOHN W. DODGE.

JOSEPH H. MARKS, *et al. vs.* JOHN W. DODGE.

OCTOBER 30, 1912.

PRESENT: Johnson, Parkhurst, Sweetland, and Vincent, JJ.

(1) *Adverse Possession.*

A claim of title by adverse possession involves a mixed question of law and fact, and the court must determine first whether or not the party claiming title has satisfactorily proven the several acts relied upon by him as showing the exercise of dominion over the land, and then having found such acts established, whether they are sufficient in law to create a title.

(2) *Adverse Possession. Exclusive Possession.*

Where it appeared that the acts of ownership of one claiming title by adverse possession, embraced everything that the nature of the premises would naturally demand and were sufficiently continuous and of such a character as would acquaint the owner had he visited the place that claimant was dealing with it as his own, the passing over the premises of persons for accommodation and without any apparent claim of right, would not affect the claim to exclusive possession on the part of claimant.

(3) *Adverse Possession. Claim of Title.*

Where a person through mistake as to the boundary line, takes possession of land belonging to another, believing it to be his own, the holding is adverse and if continued for the requisite period, will give title by adverse possession.

*(4)   Adverse Possession.   Extent of Claim.*  ·

Upon the question of title by adverse possession of a strip of land extending to the water, where claimant had from time to time filled in the shore front and cultivated the grass, considering the character of the land and the purposes for which it was adapted and all other circumstances:

*Held,* that claimant not only claimed title to the whole strip, but that her acts assertive of ownership were sufficient to fairly indicate to others that her claim extended to the whole.

BILL IN EQUITY.   Heard on petition of complainant Dodge for reargument of cause decided in 34 R. I. 409. Denied.

VINCENT, J.   Since the opinion of the court in the above entitled cases, John W. Dodge has filed a motion for reargument.   This motion, prepared with much care and skill, exhaustively discusses anew the several questions which were presented to the court at the hearing, and points out a number of errors into which it is claimed the court has fallen in reaching its conclusions.

The court has carefully examined the motion for reargument and considered the questions raised therein without being able to find any sufficient reason for changing its former views.

The motion sets forth that there are three points in the case for consideration, (1) the sufficiency of the acts of possession proved by Mrs. Lavin, (2) the point of time at which the owners of the title had notice of any claim of title by Mrs. Lavin, and (3) whether her possession was exclusive of the owners of the title.

The acquirement of title by way of adverse possession is. a matter of statute.   The statute provides under what circumstances and conditions title may be thus acquired. When a claim of title by adverse possession is made it (1) devolves upon the court, after due examination, to determine whether or not the party so claiming comes within the provisions of the statute.   It is a mixed question of law and fact.   The party claiming title offers evidence of certain acts concerning, or dealings with, the estate in question,

which he asserts are sufficient to show an intention on his part to claim the same as his own, and that the character of such acts and dealings were such as would apprise the owner, should he visit the premises, that an ownership adverse to his title was being claimed. Under these conditions two questions are presented to the court, one a question of fact and the other a question of law. In the first place, the court must determine whether or not the party claiming title has satisfactorily proven the several acts relied upon by him as showing the exercise of dominion over the land. Then if the court finds such acts and dealings duly established, it will then proceed to consider the same in connection with the statute for the purpose of ascertaining whether such established facts and circumstances are sufficient in law to create a title by adverse possession.

The determination of the court, upon the question as to whether Bridget Lavin and her predecessors actually did the several acts and things which she now claims were done by her and them and which she also claims are sufficient to give her a title by possession, must be based upon the evidence in the case.

The court in its opinion made use of the expression, "Upon this question of adverse possession a decided preponderance of the evidence seems to sustain the claim of Bridget Lavin in that regard," which read by itself might be misleading, but it will clearly appear from the very next sentence that the preponderance of testimony referred to was in regard to the various acts of Bridget Lavin and her predecessors, such as "filling in," cultivating grass, etc., tending to establish the exercise of dominion on her and their part over the land. The opinion does not assume that Mrs. Lavin and Mr. Dodge stood upon an equal footing in regard to title by adverse possession.

Mr. Dodge first claimed that he, being a tenant at sufferance under the Allins, had exercised dominion over the land in question in various ways which enured to the benefit of the Allins or their heirs and which were sufficient to show

their continued occupation of the premises. Later, Dodge claimed title in himself through deeds procured from the Allin heirs and disputed the title of Mrs. Lavin by possession.

(2) It satisfactorily appeared to the court that Bridget Lavin and her predecessors had done certain things in and about the land in question as, for instance, the "filling in" of the shore front and the cultivation of grass. The court was also satisfied that the several acts of ownership of Bridget Lavin and her predecessors embraced everything that the nature of the premises would naturally demand and that such acts were sufficiently continuous and of such a character as would acquaint Dodge, or the Allins, had he or they visited the place, that somebody else was treating it and dealing with it as his own, and further, that such acts had continued for a sufficient length of time to meet the statute.

Dodge had not acquired any title for himself by adverse possession through the attempted exercise of any dominion over the land, but on the contrary, when he alleges that he became aware of the claim of Bridget Lavin, he then bestirred himself to obtain deeds from the Allin heirs, which he hoped would vest the title to said property, or at least, the larger part thereof, in himself.

The acts of Dodge, in connection with this land, whether in the interest of himself or the Allin heirs, seem to have been confined to those of a more or less insignificant character which were neither calculated nor designed to express a claim of ownership and which come within what might be denominated as minor trespasses, which are usually unheeded by the owners of shore property, while on the other hand, the acts of Mrs. Lavin and her predecessors were immediately connected with the land and indicated a claim of ownership.

The claim of Dodge that the possession of Bridget Lavin and her predecessors was not exclusive, and therefore ineffective, does not seem to us to be well founded. We do not think that the passing and repassing over these premises of persons who evidently did so under the license of good nature and accommodation, which so often characterizes the owner-

ship of shore property, and without any apparent claim of right, would in any way disturb or weaken the claim of Bridget Lavin that her possession was sufficiently continuous and exclusive to bring her within the terms and intent of the statute.

It is true that Mrs. Lavin and her predecessors did not hold this land under a color of title. The court has already found that the deed of 1857 did not in and by its description and terms include the land in question, but it does not follow, however, that it was not held under a claim of title. Mrs. Lavin and her predecessors apparently understood that such land was covered by the deed of 1857, and she and they have accordingly occupied and exercised rights of ownership over it.

(3)     There is abundant authority that where a person through mistake as to the boundary line takes possession of land belonging to another, believing it to be his own, the holding is adverse, and if continued for the requisite period, will give title by adverse possession. This rule has been adopted in many of the states. (See 1 Cyc. of Law & Pro. 1038 (3) and cases cited.)

Mr. Dodge further claims, in his motion, that if Mrs. Lavin is found to have acquired any title by adverse possession the same must be restricted to that portion of the strip of land in question actually covered by her in "filling in," growing grass, etc. While some restrictions of that sort might be proper in some cases we do not think they could justly be applied to the present case. We must again, in this connection, consider the character of the land and the purposes to which it is adapted. It seems to us when we come to consider these things and all the other circumstances, that Mrs. Lavin not only claimed the whole strip, but that her acts assertive of ownership were sufficient to fairly indicate to others that her claim extended to the whole.

Cases involving title by adverse possession are in character individual. Each case must, in the first instance, be determined from the consideration of the facts and circumstances

which surround it. Then if such facts are established as bring the claimant within the statute he is entitled to the decision of the court confirming his title. This being so, the court does not think that adherence to its opinion in the present case would be attended with the disastrous results, to titles in general, foreshadowed by Mr. Dodge in his motion for reargument.

The motion for reargument does not appear to raise any question which the court had not already considered and the same is therefore denied and dismissed.

*Tillinghast & Collins, Harold B. Tanner,* for John W. Dodge.

*Doran & Flanagan,* for Bridget Lavin.