FRANK H. SAUNDERS *vs.* ELMER E. KENYON.

APRIL 18, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Hahn, J. This is an action of trespass and ejectment to recover possession of a small lot of land with a building thereon, located in the village of Centerville, the plaintiff claiming title thereto in fee simple.

Defendant filed a plea of the general issue and a special plea setting up title in himself by adverse possession. Plaintiff filed a replication to the special plea in the formula commonly called *precludi non,* claiming title in himself by adverse possession.

Upon completion of the testimony in the Superior Court, the jury by direction of the court returned a verdict for the defendant. The case is before this court on plaintiff's exceptions to this ruling, to rulings on questions of evidence in the course of the trial and to the refusal to grant plaintiff's motion for a directed verdict.

Plaintiff claims title to the lot in question through a warranty deed of May 28, 1914, to himself from Governor T. Church and Mary L. Church, conveying to him certain land including said lot. He further bases his claim on the following facts: that from 1914 to 1926 he paid taxes on said lot; that from 1914 until and during the trial of this case he stored lumber, grazed his cows, and cut the grass and brush thereon; that he had constant, uninterrupted possession of the same from 1914 until about November 10, 1921, at which time defendant began to repair the ice house thereon for garage purposes, whereupon plaintiff forbade him and there arose a discussion over the rent; that in 1923 there followed an interview at which plaintiff, under advice of his attorney, told defendant he was going to charge $5 a month for rent for the use of the building on said premises. On April 10, 1925, plaintiff conveyed a part of the land deeded to him by Mr. and Mrs. Church, but reserved said lot. In January, 1927, plaintiff conveyed to the Centerville Mills certain flowage rights in Centerville Pond, upon which said lot borders.

Defendant traces his title to the lot in dispute as follows: In 1866, one Tabor orally exchanged said lot for an adjacent property with one Harris Lanphear, general manager of the Rockville Mfg. Co.; in 1878, said company transferred said lot to the Centerville Mfg. Co., among whose partners were Harris Lanphear and one Benjamin Kenyon; from 1888, after the death of said Lanphear, his son, N. Henry Lanphear, and said Kenyon continuously occupied said lot; from 1902 to 1916, said Kenyon occupied said lot alone; from 1916, after the death of said Kenyon, to the present the defendant, son of said Kenyon, continuously

occupied said lot. Defendant also offered in evidence a quitclaim deed of June 6, 1925, to himself from his brother of his interest in said lot east to the cemetery. Defendant further testified that he used said lot for storage purposes and in 1921 remodeled the ice house thereon for garage purposes, and that he gave plaintiff permission to stake his cow on the land while plaintiff owned the adjacent Tabor property.

An analysis of the testimony indicates that the same is conflicting and of such character that different conclusions may reasonably be drawn therefrom. A verdict should not be directed for a defendant if on any reasonable view of the testimony a plaintiff can recover. *Riley* v. *Tsagarakis,* 50 R. I. 62. See also *Reddington* v. *Getchell,* 40 R. I. 463; *O'Donnell* v. *United Electric Rys. Co.,* 48 R. I. 18. Where the plaintiff claims under a paper title and by adverse possession, and where the defendant also claims by adverse possession, and the evidence as to these matters is conflicting, it is peculiarly a question for the jury and defendant's motion for a directed verdict should be denied. 19 C. J. 1196. In passing upon a motion to direct a verdict, a trial justice should not rule in accordance with his opinion as to the preponderance of the evidence. *Nahabedian* v. *United Electric Rys. Co.,* 50 R. I. 455. The case should have been submitted to the jury on the evidence with proper instructions on the issues involved. The exception to the direction of a verdict for the defendant is sustained. The exception to the refusal of a directed verdict for the plaintiff is overruled.

Notwithstanding the fact that there must be a new trial, we shall consider such other exceptions taken by the plaintiff as were briefed and argued before this court.

Plaintiff took numerous exceptions to questions asked in direct examination of the witness John P. Greene intended to elicit testimony as to occupation by plaintiff's predecessors in title. Plaintiff takes nothing by this group of exceptions, since the testimony was relevant. The defense

was that of adverse possession and any facts which bore upon the question of occupation of said lot or tended to prove or disprove the exchange in question or the possession thereafter were material. *Faulkner* v. *Rocket,* 33 R. I. 152.

Plaintiff excepted to rulings allowing the attorney for defendant to ask plaintiff in cross-examination questions seeking to show that plaintiff's predecessor in title, Governor T. Church, had gone over the property with plaintiff and pointed out to him the bounds thereof; also to show whether or not plaintiff was familiar with the previous occupation and knew of the trade of the easterly land, with the ice house on it, for the westerly land; and whether or not plaintiff knew that the piece of land with the ice house did not go with the rest of the property conveyed to plaintiff by Mr. and Mrs. Church. These were proper subjects of cross-examination. If plaintiff's predecessor in title had, while in possession of the land, made declarations, as he later testified, pointing out to plaintiff the boundaries on the land itself, such declarations would be admissible evidence as to the occupation. Wigmore on Evidence, Vol. III, § 1778, p. 2290, states the rule as follows: "Accordingly, it has never been doubted that all declarations by the occupant, importing a claim of title in himself, are admissible as verbal parts of his act of occupation, serving to give it an adverse color; while his declarations of disclaim, conceding another's title, are equally receivable as giving it the contrary color." And in *Faulkner* v. *Rocket, supra,* at p. 171, this court said: "Declarations made by persons in possession of lands, as to the character of their possession, are admissible upon the question whether such possession was adverse." It is immaterial whether the declarant is deceased or not. Wigmore, *supra,* Vol. III, § 1780. In ruling as above that declarations showing the bounds of an occupation are admissible, we distinguish such declarations from what otherwise might be an improper attempt to con-

tradict a deed's description of boundaries, which is forbidden by the rule on parol evidence.

A witness for the defense, Byron L. Kenyon, and also the defendant were asked questions as to the presence of a fence, and a certain stone bound formerly located at the southwesterly corner of the Tabor property, which bound was described by them. These questions were relevant upon the issue of the occupation, and plaintiff's exceptions thereto are without merit. *Doyle* v. *Ralph,* 49 R. I. 155.

Defendant was, over plaintiff's objection, allowed to offer in evidence a quitclaim deed, heretofore mentioned, to himself from his brother. This deed was admissible in connection with other evidence of defendant's claim of possession.

Plaintiff took further exceptions to the admission of statements which defendant's father, Benjamin Kenyon, had made during his lifetime as to his occupation of the lot in question and his erection thereon of the ice house. These declarations by defendant's predecessor, importing a claim of title in himself, were admissible as verbal parts of his act of occupation, serving to give it an adverse color. See Wigmore, *supra,* Vol. III, § 1778; *Faulkner* v. *Rocket, supra.*

A witness, Osmas Edwards, was cross-examined as to his prejudice or interest in the case and in this connection was asked questions as to a flowage agreement involving the lot in dispute and entered into between plaintiff and the Centerville Mills, Inc., and as to the relations of said corporation with the witness and his relatives. To this cross-examination plaintiff excepted. The subjects of inquiry were legitimate matters of cross-examination and the exceptions thereto are overruled.

Plaintiff attempted to introduce a certain quitclaim deed to him from the Centerville Mills, Inc., in order to show the existence of certain rights and equities adjacent and contiguous to the *locus in quo,* and also to show his continuous possession of the lot in question; but upon objection this deed was ruled out, the trial justice being of the

opinion that the description in the deed was wrong. An examination of the papers in the case discloses no such deed in the file or in the list of plaintiff's exhibits marked for identification by the clerk of the Superior Court, and we are therefore unable to pass upon the propriety of the exclusion thereof.

Plaintiff excepted to a ruling excluding his testimony regarding a certain mortgage formerly held by one Peter Palmer on the property in question; also to a ruling refusing to admit a certain agreement of January 19, 1927, whereby plaintiff and his wife covenant with respect to water rights and flowage relating to the *locus in quo*. Plaintiff's exceptions to the above exclusions are sustained. Adverse possession of land may be shown by proof of the acts of the claimant and his predecessors in title or occupation as well as by their oral declarations. Exercise of the usual acts of ownership over the land in dispute is evidence to show that the possession was hostile. "Thus it is permissible to show a conveyance of the premises by the claimant, or an offer to convey them, or a mortgage." 2 C. J. 270. See also *Dodge* v. *Lavin*, 34 R. I. 409.

Three deeds offered in evidence by plaintiff were excluded by the trial justice: 1. Quitclaim deed of N. Henry Lanphear and Benjamin Kenyon to Westerly Savings Bank; 2. Mortgagee's deed of the New England Linen Co., by Joseph Grenon, attorney, to Osmas Edwards; 3. Deed of Osmas Edwards to Centerville Mills, Inc. It was admitted by attorneys for both parties that the deed of Lanphear and Kenyon conveyed the interest of the surviving partners of the Centerville Mfg. Co. to the Westerly Savings Bank. Plaintiff contended that this deed and the other two above mentioned included the lot in question, which contention was denied by defendant. The trial justice ruled that no claim of title had been shown and this ruling was warranted upon the state of the evidence. The trial justice did not specifically rule on the question of whether the description in the three deeds included the lot in dis-

pute. Plaintiff's exceptions to the exclusion of the deeds involve the questions of proof of the chain of title and also a construction by the trial court of the language of said deeds in the matter of the descriptions. Plaintiff claims under a paper title and also by adverse possession. Upon proper authentication deeds under which the party seeking to establish title by adverse possession claims, although insufficient to convey title, may nevertheless be used to show the hostile character of the possession of the land claimed, but this principle does not apply where it is impossible to locate the land from the description in the deed. 2 C. J. 271, § 607. Whether or not upon a retrial of the case plaintiff can supply the connecting proof to make these deeds admissible as evidence is a matter for his consideration. Upon the present state of the testimony the exceptions are without merit.

Plaintiff's other exceptions to the admission and exclusion of evidence have been considered and are overruled.

The case is remitted to the Superior Court for a new trial.

*Stephen J. Casey, William H. S. Callahan,* for plaintiff.

*Clarence E. Roche,* for defendant.