**366 A.2d 169.**

ROGER J. PAQUIN *et al. vs.* METHODI P. GUIORGUIEV *et ux.*

DECEMBER 1, 1976.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

Doris, J. This civil action was brought to enjoin the defendants, Methodi P. and Gloria Guiorguiev, from asserting any claim upon land, title to which is claimed by the plaintiffs, Roger J. and Maryann Paquin. The Guiorguievs are owners of a corner lot located at 24 Haven Avenue, Cranston, Rhode Island, while the Paquins own the adjacent lot located at 26 Haven Avenue.

The case was tried before a justice of the Superior Court sitting without a jury. The court found that defendants had record title to the wedge-shaped parcel of land in dispute but that plaintiffs and their predecessors in title had acquired title to the disputed parcel by adverse possession for a time in excess of the statutory period of ten years as provided in G.L. 1956 (1969 Reenactment) §34-7-1. The defendants have appealed to this court from a judgment entered in accordance with that decision.

The record discloses that sometime in 1925 a Mr. Paliotta purchased a parcel of land designated as 24 Haven Avenue (defendants' lot). Mr. Paliotta's son testified that sometime in 1928 his father sold to a Mr. Scorpio the adjacent parcel which was later designated as 26 Haven Avenue (plaintiffs' lot). The son further testified that his father and Scorpio discussed between themselves building a fence and eventually they erected a small retaining wall upon which was placed a chain link fence. The son stated that while he lived there he maintained the property only up to the fence. The defendants' two predecessors in title testified that they only maintained up to their side of the fence and that it was their opinion when they owned de-

fendants' lot that the fence was the boundary between the parcels. The plaintiffs and their immediate predecessor in title testified that they maintained up to their side of the fence and that it was their previous opinion that the fence was the boundary between the parcels. The disputed parcel is triangular with dimensions of 7′ x 68.89′ x 70.47.′

In his decision the trial justice found that defendants' had record title to the land upon which the retaining wall and fence were built but that for 46 years the parties and their respective predecessors in title had exercised acts of ownership only to land on their respective sides of the fence. He therefore ruled that plaintiffs had acquired title by adverse possession to that portion of defendants' land which lay on plaintiffs' side of the fence.

The defendants argue on appeal that the trial justice should have dismissed the action because service of process was illegal. We note that defendants do not claim that actual notice of the proceedings was not received. Their objection is that special service of process on an alleged agent of defendants pursuant to G.L. 1956 (1969 Reenactment) §8-2-33 was improper because no agency relation in fact existed.[1]

However, Super. R. Civ. P. 12(h) quite clearly provides that an objection to service of process is waived if it is not presented in the answer or raised by motion prior there-

---

[1]The plaintiffs filed a motion for special service of process accompanied by an affidavit which claimed their attempts at serving defendants had been unsuccessful because defendants lived in Chicago, Illinois, part of the time and Cranston part of the time. It further alleged that Joseph Rega, a relative of defendants, oversees defendants' Cranston residence and that Rega had refused to divulge defendants' Chicago address. The plaintiffs prayed that they be allowed to serve Joseph Rega as agent for defendants. After an ex parte hearing such process was authorized and Joseph Rega was duly served.

to.[2] In defendants' answer filed on June 5, 1974, no objection to service of process was raised. No such objection was raised until defendants' motion to dismiss was filed on September 13, 1974, more than three months later.[3] This is exactly the sort of piecemeal presentation of defenses that Super. R. Civ. P. 12(h) is designed to prevent. Accordingly, we hold that the trial justice did not err in denying defendants' motion to dismiss.[4]

The defendants next argue that two alternative rulings of the trial justice were in error; first, his ruling that the parties had agreed that the fence marked the boundary between their lots, and second, his ruling that in any case plaintiffs' possession was sufficiently adverse to acquire title by adverse possession. As to the first contention, it is a well-settled principle that acquiescence in a boundary line assumed or established for a period of time equal to that prescribed in the statute of limitations to bar a reentry is conclusive evidence of an agreement to establish such a line and the parties will be precluded from claiming that the line so acquiesced in is not the true boundary.

---

[2]Super R. Civ. P. 12(h) provides in part that:

"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply * * *."

Rule 12(h) continues and lists exceptions to this waiver rule but a Rule 12(b)(5) motion to dismiss for insufficiency of service of process is not among those exceptions.

[3]The defendants argue that this delay was a result of plaintiffs' attempted personal service on June 13, which misled them into believing that plaintiffs no longer relied upon the initial objectionable service on defendants' alleged agent. However, even if such a mistake excused the delay from June 13 to September 13, which we doubt, it in no way accounts for or excuses the failure to raise an objection to service in defendants' June 5 answer.

[4]See generally Mateer v. Mateer, 105 R. I. 735, 742, 254 A.2d 417, 421 (1969) (failure to object to venue in timely fashion deemed to be a waiver).

*Rosa* v. *Oliveira,* 115 R.I. 277, 342 A.2d 601 (1975); *Essex* v. *Lukas,* 90 R.I. 457, 159 A.2d 612 (1960); *Malone* v. *O'Connell,* 86 R.I. 167, 133 A.2d 756 (1957); *Ungaro* v. *Mete,* 68 R.I. 419, 27 A.2d 826 (1942); *O'Donnell* v. *Penney,* 17 R.I. 164, 20 A. 305 (1890). As to defendants' second argument, it is clear that where a person through mistake as to the boundary line takes possession of land belonging to another, believing it to be his own, the holding is adverse, and if continued for the requisite period, will give title by adverse possession. *LaFreniere* v. *Sprague,* 108 R.I. 43, 271 A.2d 819 (1970); *Dodge* v. *Lavin,* 34 R.I. 514, 84 A. 857 (1912). We see no reason to alter these rules.

The uncontroverted evidence indicates that the parties and their predecessors in title acquiesced in the boundary line marked by the fence and retaining wall for 46 years and exercised unequivocal acts of ownership over their respective parcels of land. Therefore, the trial justice was correct in ruling that the plaintiffs had acquired title to the land in question under either theory.

The defendants' appeal is denied and dismissed and the case is remanded to the Superior Court for further proceedings.

Mr. Justice Paolino did not participate.

*William J. Peotrowski, Jr.,* for plaintiffs.

*Edwards & Angell, Deming E. Sherman, Anne L. Northrup,* for defendants.