Emil PELOQUIN et al.

v.

Michael CIACCIA et al.

No. 76–389–Appeal.

Supreme Court of Rhode Island.

April 14, 1980.

Thomas F. Fogarty, Jr., Providence, for plaintiffs.

A. Anthony Susi, David J. McOsker, Providence, for defendants.

## OPINION

DORIS, Justice.

This is a civil action concerning a boundary-line dispute. The defendants, Michael and Domenica Ciaccia, are appealing from a nonjury Superior Court judgment awarding the plaintiffs, Emil and Murielle Peloquin, the disputed piece of land and the costs of constructing a new fence.

This case involves two pieces of property, one large triangular piece, which we shall denote as parcel L, and one smaller triangular piece included within parcel L, which we shall call parcel S. (See Appendix 1 for description of parcel S and parcel L).

The plaintiffs and defendants own land on opposite sides of the triangles. The Ciaccias are the owners of record of parcel L. The Peloquins, however, claimed that they had acquired title to parcel L because the Ciaccias and their predecessors in title had

acquiesced in the existence of a boundary line for the statutory period.

In their complaint plaintiffs claimed that they owned all of parcel L. During the course of the trial, however, Mr. Peloquin indicated that they were claiming only parcel S. Mr. Peloquin testified that in 1949 he purchased parcel L from Vitaline Bouchard, his wife's grandmother, and in 1951 sold it to Ernest and Ethel Cole, who subsequently sold it to John and Esther Anisewski. In 1968, the Anisewskis conveyed the property to defendants.

Mr. Peloquin further testified that in 1958[1] he constructed a fence on parcel L which divided parcel L and which, in conjunction with the boundary line of his property, created parcel S. Mr. Peloquin stated that this fence remained on parcel L without any objections from either the Ciaccias, the Coles, or the Anisewskis from 1958 until 1972 when defendants tore down the fence. He also indicated that during these fourteen years, he and his family continuously used parcel S. Mr. Ciaccia, however, testified that he did not recall ever seeing a fence on parcel L between his and plaintiffs' property.

The trial justice made a factual determination that plaintiffs had erected a fence on parcel L with the knowledge and consent of defendants' predecessors in title and that the fence had existed for a period of fourteen years. Applying a theory of acquiescence in a boundary line, the trial justice held that the fence had become the boundary between plaintiffs' and defendants' properties. The trial justice then awarded plaintiffs parcel L and the costs of installing a new fence. The defendants appeal from these findings of fact.

The defendants contend that the trial justice overlooked and misconceived material evidence in making his findings of fact. The Ciaccias argue that Mr. Peloquin's inconsistent testimony regarding the time at which the fence had been erected should have precluded the trial justice from determining that they had acquiesced in the location of the boundary line. They further argue that Mr. Peloquin's testimony that he claimed title only to parcel S precluded him from being awarded the whole of parcel L.

█ In Rhode Island it is well settled that a boundary line may become established by a landowner's acquiescence in its location. *Paquin v. Guiorguiev*, 117 R.I. 239, 242, 366 A.2d 169, 171 (1976). Upon the finding by a trial justice that a fence or other divider existed for the requisite period of time (which is ten years pursuant to G.L.1956 (1969 Reenactment) § 34–7–1) and was acquiesced in by both parties, and their predecessors in title if necessary, the fence or other divider becomes the new boundary line between the two properties. *Paquin v. Guiorguiev*, 117 R.I. at 242, 366 A.2d at 171.

█ The defendants now contend that the Peloquins failed to introduce sufficient evidence of acquiescence in a boundary line to permit the trial justice to render a judgment on this basis. In order to uphold defendants' contention, we must find that the trial justice was clearly wrong in holding that the evidence established that defendants had acquiesced in the location of the boundary line. *Raheb v. Lemenski*, 115 R.I. 576, 579, 350 A.2d 397, 399 (1976). The record does not substantiate such a finding.

Mr. Peloquin testified that he constructed a fence on parcel L in 1958 and that it stood undisturbed from then until 1972. He also introduced into evidence photographs, dating from approximately 1959 to 1963, that confirmed the existence of the fence. Two witnesses, Dennis Bouchard and William LaCerte, testified that they had seen the fence at various times from 1958 to 1971. Glenn Rawlin, who performed a survey for plaintiffs, testified there was evidence that a fence had existed on the property and

---

1. At a later point in the trial Mr. Peloquin did testify that he had constructed the fence before he sold the property to the Coles in 1951. The trial justice found that the fence had been in existence since 1958.

estimated where it had stood. In addition, Mr. Peloquin testified that none of defendants' predecessors in title ever objected to the fence and that in fact the Anisewskis had added to his fence.

 Thus, it is evident that sufficient evidence was introduced at trial to substantiate the findings of fact concerning the existence of a fence for the statutory period of time and that defendants and their predecessors in title had acquiesced in its location. We therefore uphold the trial justice's decision that "said fence is a boundary separating the respondents' property from the complainants'."

 We do not agree, however, with that part of the trial justice's decision awarding the entire parcel L to plaintiffs. No evidence was introduced at the trial which would support plaintiffs' claim for any more than parcel S. In addition, Mr. Peloquin made it clear that he and his wife were claiming only parcel S. He testified at trial that: "I'm claiming where the fence was is what we're going by. We're not claiming the whole thing. * * * I am claiming 8 feet of it * * *." For the judgment to conform with the trial justice's finding that the fence was the acquiesced-in-boundary, plaintiffs should have been awarded parcel S not parcel L.[2] Thus, in accordance with the factual finding of the trial justice, we find that plaintiffs should be awarded only that piece of property running from the fence to their original property line.

In summary, we affirm the trial justice's finding that the fence constitutes the new boundary between the Peloquin and Ciaccia properties and his assessment of the cost of a new fence to the defendants. With respect to the new boundary, it is clearly necessary to determine the exact location of the fence. We direct the Superior Court to hold an evidentiary hearing on this issue.

The appeal is sustained in part and denied in part, and the case is remanded to the Superior Court with direction to amend the judgment to grant parcel S instead of parcel L to the plaintiffs and to hold an evidentiary hearing to determine the exact location of the fence.

Appendix to follow.

2. It appears that although the trial justice found that the fence constituted the boundary line, he inadvertently granted the plaintiffs' prayer no. 1 of their complaint which claimed parcel L.

# APPENDIX I

Note: Diagram not to scale

—————— boundary of record

– – – – former boundary

++++++ fenceline

▨ Parcel L

▧ Parcel S

Parcel L is the piece of property being requested in prayer 1 of the plaintiff's bill of complaint. Its boundaries are indicated by lines A, B and C. Parcel S is the smaller triangular piece of property included within parcel L and bound by the westerly boundary of record of the Peloquin property, eight feet of frontage on Putnam Pike (running east to west at the base of the triangle) and the line where the fence once stood (running roughly north from Putnam Pike). Its outline is indicated by the intersection of lines B, C and D on the above diagram.