[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this court is a motion by Lenna Price and Frances Price Dwyer (hereinafter "defendants") for a judgment notwithstanding the verdict and a finding for defendants as a matter of law. Alternatively, defendants move for a new trial, pursuant to R.C.P. 59 in the above-entitled action. Said motion follows a four day jury trial resulting in a verdict for William H. Sherman and Sandra L. Sherman (hereinafter "plaintiffs").
In their civil action, the plaintiffs acquired by adverse possession ownership of a nine by two inch strip of property located in Providence, Rhode Island. At the trial, the jury was instructed by the court on the theories of both adverse possession and prescriptive easements. With respect to the latter, the jury did not find that a prescriptive easement was established by clear evidence. Rather, the jury found that there was clear and positive evidence to support ownership by adverse possession of the subject strip of property.
Unlike the Federal Rules of Civil Procedure, our rules do not provide for a judgment notwithstanding the verdict. Water StreetDev. v. J.W. Corr Agency, 539 A.2d 967, 969 (R.I. 1988). A litigant loses nothing by not being able to move for judgment notwithstanding the verdict as he or she can receive a more comprehensive review of the evidence by moving for a new trial.Id.
In ruling on a motion for a new trial, the trial justice should not substitute his or her conclusions for those of the jury nor disturb the jury's findings because he or she would have made a contrary finding. Turgeon v. Davis, 388 A.2d 1172, 1174 (R.I. 1978). The trial justice must pass on the weight and credibility of evidence and may give weight to those facets of evidence he concludes are credible, drawing therefrom all appropriate inferences. Fox v. Allstate Ins. Co., 425 A.2d 903, 907 (R.I. 1981). If the evidence is such that reasonable minds may differ, the trial justice should sustain the verdict.Turgeon at 1175. The verdict should be set aside only where it fails to respond to the merits, or is against the fair preponderance of the evidence. Id.
R.I.G.L. 1956 (1984 Reenactment) § 34-7-1 provides for title by adverse possession. In interpreting § 34-7-1, ". . . the case law in Rhode Island is well-settled; the adverse nature of the possession must be actual, open, notorious, hostile, under claim of right, continuous, and exclusive." Walsh v. Joseph R.Cappuccio, Jr., 90-434-A. (R.I. January 29, 1992) (quoting Leev. Raymond, 456 A.2d 1179, 1182 (R.I. 1983)). The defendants at bar claim that the plaintiffs in the instant action failed clearly and convincingly to establish the existence of all these elements necessary for an adverse possession. However, after hearing and considering the evidence presented at trial, this court is satisfied that the jury considered the evidence and the instructions given them by the court concerning application of the law in rendering its decision.
Defendants' first assert that plaintiffs failed to meet their burden of proving that they actually occupied the land in question. Said defendants claim that the Shermans never utilized or repaired the area and consequently have neglected to demonstrate possession, an essential element of adverse possession. This court, however, disagrees, finding ample competent evidence demonstrating that the plaintiffs have met their burden. Testimony and photographs adequately demonstrate that the plaintiffs passed on foot and vehicle over the disputed area. The plaintiffs plowed the property when it snowed and repaired and repaved it when it became damaged. Consequently, this court agrees with the jury's finding that an open and continuous use and possession were established.
The defendants further argue that the Shermans have failed to show that the above possession, if it existed, was adverse. In order to be adverse, possession must also be hostile. The defendants assert that they lacked actual knowledge of the boundaries of their land so said defendants were unaware that the land in question belonged to them. However, the defendants need not have actual knowledge that the land is owned by another, merely knowledge that said land is being used by another. The proof required is merely that the adverse possessor claimed the property as his own against the entire world. Taffinder v.Thomas, 381 A.2d 519, 523 (R.I. 1977). Hostility does not connote a communicated emotion, but rather action inconsistent with the claims of others. Id. If the possession of the occupier is to a visible line in all events, regardless of the location of the true boundary line, his possession is hostile.LaFreniere v. Sprague, 108 R.I. 43, 271 A.2d 819, 823 (1970). The jury had before it sufficient credible evidence demonstrating that the plaintiffs' possession of the subject property was adverse.
Further, the instant case of adverse possession essentially involves a boundary dispute. Boundary disputes involve the placement of a physical barrier between adjoining parcels of land at a point other than the true boundary line. Where the owners acquiesced in said line for the time required by statute, adverse possession results. The defendants claim there was no clear property line up to which they could observe that the plaintiffs were claiming possession. They attempt to distinguish Paquin v.Guiorguiev, 117 R.I. 239, 366 A.2d 169 (1976) by claiming that there was a fence dividing the properties in that case, thereby providing a clear line and placing the owner on notice that the property up to this point was being used and claimed by another.Paquin This court is not convinced by the distinction made above by defendants. In addition to the presence of dividing structures on the property, the court has considered alternate factors which may show the existence of a boundary line. These include the character of the possessor's use and the activities of the possessor thereon. In Gammon v. Caswell, 447 A.2d 361, 368 (R.I. 1982), the court held that evidence of an ouster and the erection of a physical barrier are not required in the typical adverse possession. Cultivating land, planting trees and making other improvements in such a manner as is usual for comparable land may be relied on as proof of the required possession within the meaning of § 34-7-2.
This court believes that there existed in the instant case, a clear boundary provided by the paved to grassy area line. In addition, the plaintiffs' repaired and improved the driveway as necessary. Therefore, this court finds that the defendants had the requisite knowledge that the land in question was being used by plaintiffs and by failing to object, acquiesced to said use. The true owner will be charged with knowledge of whatever occurs upon his land in an open manner. Taffinder at 523. Accordingly, the jury's determination that the defendant acquiesced to the new boundary line established by the plaintiffs was justified.
Finally, the defendants argue that diminution of their land by awarding possession to the plaintiffs would be contrary to the applicable Providence Zoning Ordinance No. 564, § 304.1 which requires land in the defendants' locale to have fifty foot frontage. This court finds the above argument to be without merit. Said ordinances are regulatory, subject to the superior jurisdiction of the statute, R.I.G.L. § 34-7-1, which provides that an award of adverse possession may be granted by the court.
This Court is satisfied that the jury's finding that the plaintiffs obtained title through adverse possession of the disputed strip of land is supported by a preponderance of the clear and convincing evidence before it. The court is convinced that the jury correctly applied the law as instructed by the court to the facts in rendering their decision and reached a verdict that is not against a fair preponderance of the evidence. Accordingly, the motion for judgment notwithstanding the verdict as well as the motion for new trial is denied.
Counsel shall prepare an appropriate order for entry.