[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This was a hearing (consolidated) on preliminary and permanent injunction and treble damages prayed by the plaintiff, and on defendant's counterclaim for a permanent injunction against the plaintiff from entering upon the defendant's property. Additionally, the defendant is seeking treble damages and attorney's fees.
The plaintiff is seeking to establish adverse possession of a portion of defendant's land in Jamestown, Rhode Island. To acquire this land by adverse possession, the plaintiff must establish by a preponderance of clear and convincing evidence that the requisites for the acquisition of land by adverse possession have been met. Lee v. Raymond, 456 A.2d 1179 (R.I. 1983).
The plaintiff has presented undisputed evidence of his cultivation of the land in controversy by planting trees, maintaining a lawn over the disputed area and making other improvements including the erection of a rabbit hutch and two cold frames.
The aforesaid activities were initiated on or before May of 1981 and continued thereafter until the defendants bulldozed various plantings of the plaintiff on or about the end of July, 1991.
The defendants engaged James G. Hoard, Registered Land Surveyor, to conduct a survey of their property, Lot 583, Jamestown, Rhode Island, on July 28, 1990. This survey, for the first time, alerted the defendants to the fact that the plaintiff had been adversely possessing a portion of this land in a manner as previously described. Only then did they proceed to bulldoze the plaintiff's improvements which generated plaintiff's request for a Temporary Restraining Order, permanent injunctive relief, and damages.
The plaintiff has proven by undisputed testimony that shrubs, trees, bushes, a garden, a rabbit hutch and other structures were placed, planted or installed on defendant's land and remained there up until a portion of said improvements were bulldozed by the defendants.
The statutory period of establishing title by adverse possession in Rhode Island is ten (10) years. During that time, the claimant must be "in the uninterrupted, quiet, peaceful and actual seisin and possession of the land." Rhode Island General Laws 1956 (1984 Reenactment) § 34-7-1. The cases unequivocally indicate that the adverse nature of the possessing must be actual, open, notorious, hostile, under claim of right, continuous and exclusive. Gammons v. Caswell, 447 A.2d 361, 366-67 (R.I. 1982); Taffinder v. Thomas, 119 R.I. 545, 551,381 A.2d 519, 522 (1977).
The evidence presented to this Court clearly demonstrates that the plaintiff has satisfied all of the elements for the statutory period of ten years. The plaintiff has tended the lawn and gardens to the visible boundary line between the two disputed properties since the commencement of his occupancy in March of 1981. The activities of the defendant which gave rise to this suit were commenced at the end of July, 1991, clearly satisfying the statutory period.
With regard to the elements of "openness" and "notoriety", our Supreme Court has stated that ". . . no particular act to establish an intention to claim ownership is required. It is sufficient if the claimant goes upon the land openly and uses it adversely to the true owner. The owner then becomes chargeable with knowledge of what is done openly on the land." Gammons, at 367; (citing Greenwood v. Rahill, 412 A.2d 228 (R.I. 1980)).
Once a determination is made that the possession of the claimant is to a visible line, his possession is hostile regardless of the location of the true boundary line. LaFrenierev. Sprague, 108 R.I. 43, 50, 271 A.2d 819, 822 (1970). The plaintiff has introduced evidence that he has tended the lawn and plantings to the visible boundary line on the northerly boundary of his property since March of 1981; therefore, his possession is clearly hostile.
The test of actual use is whether the use to which the land has been put is similar to that which would ordinarily be made of like land by the owners thereof. Russo v. Stearns Farm Realty,Inc., 117 R.I. 387, at 392, 367 A.2d 714, at 717 (1977). The plaintiff has demonstrated that he has used this land in a manner similar to ordinary uses; gardening, mowing, planting, clearing brush, storing firewood, and transferring a large rock into what is now the disputed area. Such use has been continuous throughout the statutory period from March of 1981. The plaintiff has consistently acted as the true owner to the visible boundary line, which was a perpendicular line running westerly for about 200 feet +/- from Bay View Drive, and he fully believed that this was the proper northerly boundary line, as delineated in his deed. The Court has held, in Gammons, that such use of the property will give rise to a claim of adverse possession. Id.
at 363.
Our Court has held that a survey of the land, without further action, is insufficient to interrupt the continuity of an adverse possession so as to toll the statute of limitations. LaFrenierev. Sprague, 108 R.I. 43, 271 A.2d 819 (1970). As previously stated, a survey was conducted by Mr. Hoard on July 28, 1990, but the defendants did nothing further upon this disputed land. As with the LaFreniere case, the plaintiffs noticed a stake in the strawberry bed in mid-July of 1991, removed the stake, and continued to maintain the garden and occupy the area. Id. at 824. The defendants did not take any action to interrupt the exclusivity of plaintiff's use.
The evidence as shown by a preponderance of clear and convincing evidence is that the plaintiff has met all of the necessary requirements to establish title by adverse possession. The prayers of the plaintiff to establish title by adverse possession are granted. The plaintiff shall engage the services of a surveyor to establish a line along the northerly line of his property adjacent to the defendant's property in accordance with this decision. Said line shall be in conformance with the `lawn texture transition line' as depicted on Defendant's Exhibit "R", the compilation data map of Herb and Kay Searle's property, Assessor's Plat 8, Lot 583, prepared for defendants by Paul J. Coutu, registered land surveyor number 1799, on June 2, 1992. Said line shall run in a westerly direction from Bay View Drive to a marker designating the southwest corner of the defendant's property and the northwest corner of the plaintiff's property. This disputed area, being an elongated wedge of land, is to be determined by metes and bounds by the registered land surveyor.
Damages were claimed in Count II of the plaintiff's complaint, yet there are insufficient facts for this Court to reach an accurate award. The Court does not wish to engage in speculation as to the exact value of damages incurred by the plaintiff, and therefore declines to do so at this time.
The defendant's counterclaim seeking permanent injunctive relief, treble damages and attorney's fees is hereby denied and dismissed.